THE STATE v. CLARKE.

1. **Venue**: CHANGE OF: ATTORNEY. A proceeding upon charges preferred by a private prosecutor to disbar an attorney is a special proceeding wherein a change of venue on account of prejudice of the judge may be granted upon the same conditions and upon compliance with the same rules as in ordinary civil actions.

*Appeal from Kossuth Circuit Court.*

FRIDAY, JUNE 8.

THIS is a proceeding upon charges preferred by Jones, a private prosecutor, to disbar the defendant, a practicing attorney, residing at Algona, in Kossuth county. Six charges were exhibited against him. There was a trial before the

circuit judge of that county. As to two of the charges the defendant was found not guilty. As to four of the charges the defendant was found guilty, and suspended from practice in the Circuit Court for one year. Of the charges upon which defendant was found guilty, three accuse him of perjury, the fourth of subornation of perjury. The defendant appeals.

*D. D. Chase*, with whom is *Chas. A. Clark*, for appellant.

*C. G. Jones*, for appellee.

DAY, CH. J.—This proceeding is instituted under sections 218, 219 and 220 of the Code. The accusation and motion for commencement of proceedings against the defendant were filed in the Kossuth Circuit Court on the 10th day of March, 1875. On the same day the court, deeming the accusation sufficient, ordered the defendant to appear and answer the complaint on the morning of the next day. On the 12th day of March the defendant accepted service of the accusation. On the 13th day of March the defendant filed a demurrer to the 1st, 2d and 3d counts of the accusation, which the court on the same day overruled. On the same day, by agreement, 60 days time was given defendant to answer the accusation or elect to stand on his demurrer. On the 3d of May the defendant answered, pleading not guilty to all the charges.

On the 12th of May, 1875, in vacation, and upon due notice to complainant, the defendant brought on for hearing before the judge of said court his motion for a change of venue, upon the ground of the prejudice of the judge, supported by his own affidavit, and that of eight disinterested persons, not related to defendant. The affidavit of defendant states that the prejudice was not known to him in time to make the application at the last term of court. Jones, the party preferring the accusation, filed his counter affidavit, stating that during the sitting of the court, at the term at which the proceeding was commenced, the attorney of the defendant, T. W. Harrison, Esq., came to him and remarked that his client, the defendant, deemed the judge of said court prejudiced against him, or words to that effect, and requested him to consent to a

change of venue in said proceedings to the District Court for that reason, which `he declined to do. The judge overruled the application and refused to grant a change of venue, to which the defendant at the time duly excepted.

On the 13th day of September, 1873, the plaintiff filed a supplement to the accusation charging defendant with subornation of perjury. On the next day the defendant pleaded not guilty to this charge.

On the 14th day of September, 1875, the defendant filed the following affidavit for a change of venue: "Geo. E. Clarke, being duly sworn, deposes and says that he is defendant in this proceeding, and that the same is now pending for trial in the Circuit Court of Iowa, within and for Kossuth county; that Hon. J. R. Zuver, sole presiding judge of said court, is so prejudiced against this affiant and defendant that he cannot obtain a fair trial in said proceeding before said honorable judge, and he therefore demands a change of venue as provided by law. Affiant further states that since his former application for a change of venue herein, and within the last two weeks, he has learned for the first time that the said Hon. J. R. Zuver, judge of this court, has publicly expressed opinions adverse and prejudicial to the character of this defendant, and adverse to this defendant upon the charges made against him in this proceeding, as shown by ·the affidavits of L. L. Foster and J. H. Mathews, which are hereunto annexed, and respectfully submitted in support of this application. Affiant further states that since his former application for a change of venue herein, and within the last two weeks, he has been credibly informed, and verily believes, that prior to the filing of the charges against affiant in this proceeding, the parties having the preparation and control of said charges counseled with the said Hon. J. R. Zuver, judge of this court, as to the time and manner of filing said charges, and the appointment of counsel to prosecute the same, and that the said honorable judge advised said parties that in case said charges were not sustained the costs of this proceeding should be taxed against the county of Kossuth, and not against the complainant by whom said charges were preferred, thereby securing immunity

to the complainant for any costs accruing in this proceeding. Affiant further states that he understands and believes that the said Hon. J. R. Zuver, judge of this court, will be used as a witness against affiant upon the trial of this proceeding, in which event affiant apprehends a conflict between the evidence in his behalf and the testimony of said Hon. J. R. Zuver, and that it would be manifestly incompatible with the fairness and dignity of this honorable court to determine such conflict in the trial of this proceeding. Affiant therefore demands a change of venue, as provided by law." Upon this affidavit, supported by the affidavits of five other parties, the defendant moved for a change of venue. The court summarily overruled this application without an examination thereof, without permitting it to be read by defendant or granting him a hearing thereon. To this action of the court the defendant excepted.

It is claimed in argument by counsel on both sides that this proceeding is not a criminal one. We may, therefore, fairly accept this view of counsel as correct, and proceed to examine under what class the proceeding falls.

Wrongs are divisible into two sorts or species—private wrongs and public wrongs. The former are an infringement 1. VENUE: of the private or civil rights belonging to individ- change of: attorney. uals, considered as individuals, and therefore frequently termed civil injuries; the latter are a breach and violation of public rights and duties, which affect the whole community, and are distinguished by the harsher appellation of crimes and misdemeanors. 3 Blackstone's Commentaries, page 1. This division of wrongs necessitates a corresponding division in the mode of redressing them, and hence we have our Code of Civil Practice and of Criminal Procedure. Code, pages 429 and 599. "Remedies in civil cases in the courts of this state are divided into actions and special proceedings. A civil action is a proceeding in a court of justice in which one party, known as the plaintiff, demands against another party, known as the defendant, the enforcement or protection of a private right, or the prevention or redress of a private wrong. It may also be brought for recovery of a penalty or a forfeiture.

Every other remedy in a civil case is a special proceeding." Code, sections 2504–2506. The proceeding instituted in this case we think fairly falls under the class of special proceedings. It is very analogous to the proceeding authorized in sections 746–748 for the removal from office of county and township officers. Section 2520 of the Code provides: "The provisions of this Code, concerning the prosecution of a civil action, apply to both kinds of proceedings, whether ordinary or equitable, unless the contrary appears, and shall be followed in special proceedings not otherwise regulated so far as applicable." Section 2590 of the Code provides that a change of venue may be had in any civil action where either party files an affidavit verified by himself and three disinterested persons not related to him nearer than in the fourth degree, that the judge is so prejudiced against him that he cannot obtain a fair trial. We have held that the discretion confided to the court in criminal cases does not exist in applications for change of venue in civil cases, and that a party is entitled to a change by complying with the statutes, unless there be something apparent of record which, under some other provision of the statute, would authorize the court to refuse it. *Jones v. The Chicago & Northwestern Railway Co.*, 36 Iowa, 68, and cases cited. The sections relating to this procedure provide that the issues shall be tried by the court, but there is no regulation upon the subject of change of venue.

We know of no reason why the provisions respecting change of venue in civil cases should not, under section 2520, apply to this special proceeding. Expulsion from an honorable and lucrative profession is a consequence much more serious than the mere rendition of a judgment in an ordinary action. There is no reason why a party in a trial involving the latter consequence should be allowed a change of venue, and should be denied it in a proceeding involving the former, especially since in an ordinary action the issue may be tried by a jury, but in this special proceeding it must be tried by the court. We think the court erred in refusing to allow a change of venue. It becomes unnecessary to consider the other errors discussed.                                    Reversed.