WHITNEY v. THE ATLANTIC SOUTHERN RAILWAY CO.

1. **Practice**: CHANGE OF VENUE: SPECIAL PROCEEDINGS. The provisions of the Code relating to the granting of a change of venue in civil actions are applicable to proceedings on appeal from an award of damages for right of way by a sheriff's jury.

*Appeal from Cass Circuit Court.*

THURSDAY, JUNE 10.

THE defendant located its line of railway over certain real estate of the plaintiff. In pursuance of a notice served upon the plaintiff the sheriff of the county appointed commissioners to assess the damages which plaintiff would sustain by reason of the appropriation of a right of way one hundred feet in width over said land. The commissioners met, and assessed the damages at three thousand six hundred and sixty dollars for said right of way, the same being three and one-quarter acres.

The defendant paid said sum of money into the hands of the sheriff, and appealed from the award of the commissioners to the Circuit Court. The record of the proceedings was duly filed in the office of the clerk of said court, and the defendant at the proper time filed a motion for a change of the place of trial to some other county. The application was based upon the alleged prejudice of the inhabitants of Cass county against said railroad company. The application was in due form, and supported by affidavits as required by statute. The motion was overruled, from which ruling the defendant appeals.

*Wright, Gatch & Wright*, for appellant.

*H. G. Curtis* and *Phelps & De Lano*, for appellee.

Rothrock, J.—The law provides that either party may appeal from the assessment of damages, and that the Circuit

1. PRACTICE: change of venue: special proceedings.

Court upon the appeal being taken shall take jurisdiction thereof and try and dispose of the same as in actions by ordinary proceedings. The land owner shall be plaintiff, and the corporation defendant. Code, § 1254.

It is provided in § 2590 that " a change of the place of trial in any civil action may be had in any of the following cases," etc.

" Sec. 2504.  Remedies in civil cases in the courts in this State are divided into actions and special proceedings.

" Sec. 2505.  A civil action is a proceeding in a court of justice in which one party known as the plaintiff demands against another party known as the defendant the enforcement or protection of a private right, or the prevention or redress of a private wrong.    *    *    *    *  ."

" Sec. 2520.  The provisions of this Code concerning the prosecution of a civil action apply to both kinds of proceedings, whether ordinary or equitable, unless the contrary

appears, and shall be followed in special proceedings not otherwise regulated, so far as applicable."

Either party upon the trial of the appeal may demand a jury, because it is required that the appeal shall be tried and disposed of the same as in actions by ordinary proceedings. If there be the right of trial by jury it would seem to be within the spirit of the law, to say the least, to allow a change of venue, for the object of a change of venue is to obtain an impartial trial. But it is urged that a change of venue is limited to civil actions, and that this appeal is not a civil action within the definition contained in § 2505. We think it is of little consequence what the proceeding be denominated; it must be either a civil action or a special proceeding. If it be the former the right to a change of venue is expressly given. If it be the latter, we think that by a proper construction of the above cited sections the right is clearly conferred. To demonstrate this proposition we think it is necessary to consider only the two sections, 1254 and 2520. By the former it is provided that the appeal shall be tried and disposed of as in actions by ordinary proceedings, and by the latter the provisions of the Code concerning the prosecution of a civil action shall be followed in special proceedings, not otherwise regulated, so far as applicable. This special proceeding is regulated, so far that it is required to be tried and disposed of as in actions by ordinary proceedings. That is, there is the right of trial by jury and every other right appertaining to the trial of a civil action by ordinary proceedings. The right to a change of venue is surely applicable, because it is the right of the party to obtain an impartial trial.

The argument that a change of venue is no part of the trial and disposition of a case, and that it is not included in the prosecution of a civil action, is, we think, putting too narrow a construction upon the sections of the Code under consideration. In our opinion these sections of the statute were properly construed in *State v. Clarke*, 46 Iowa, 155, and we think that case is decisive of the case at bar. In conclu-

sion we may say that if we were to hold that a change of venue is not allowable in proceedings of this character, such a rule would be contrary to what we believe has been the well settled practice of the *nisi prius* courts of this State for many years. The motion for change of venue should have been sustained.

REVERSED.