Nevada County v. Hicks.

NEVADA COUNTY V. HICKS.

1. COUNTIES: *Allowance of interest, on judgment against.*

 The allowance of interest on a judgment against a county is not a contract by the county to pay interest, and does not violate Sec. 1, Art. 16, of the constitution, which forbids counties to issue any interest bearing evidences of indebtedness.

2. SAME: *Judgment against, bears interest.*

 Under *Mansfield's Dig.*, secs. 4740, 4741, a decree against a county for a sum of money bears interest at the rate of 6 per cent. per annum, although no interest is therein provided for.

APPEAL from *Nevada* circuit court.

C. E. MITCHEL, Judge.

*Smoote, McRae & Arnold,* for appellant.

1. No county can issue interest bearing evidence of indebtedness. * * * *Art.* 16, *Sec.* 1, *Const.* 1874; 36 *Ark.,* 89.

2. *Secs.* 4740 *and* 4741, *Mansf. Dig.,* have no application to judgments against counties. *Sec.* 1, *Act February* 27, 1879. As no suit can be brought against a county, and no effects sold, these sections contain no warrant for the allowance of interest against a county. As no county can contract to pay interest, and no debt it makes bears interest, a judgment upon a debt that by contract does not bear interest, could bear none.

3. Interest does not run against counties and states. 98 *U. S.,* 565; 15 *Wall.,* 75; 107 *U. S.,* 626; 20 *Blatchf.,* 237.

*A. B. & R. B. Williams,* for appellees.

1. This is not an effort to compel the county to "issue interest bearing evidence of indebtedness," but to compel her to audit and pay in her own *non-interest* bearing county warrants, a just debt with the accrued interest thereon, and *Art.* 16, *Sec.* 1, *Const.* 1874, and 36 *Ark.,* 89, are not appli-

Nevada County v. Hicks.

cable. This suit is for a liquidated amount made certain by a decree, which bears interest. *Mansf. Dig.*, secs. 4740-1.

2. In this State *all* judgments bear interest. *Ib. See* 9 *Tex.*, 517; 60 *Am. Dec.*, 179; 12 *Fed. Rep.*, 287.

3. Counties do not stand upon the footing of sovereigns. See 98 *U. S.*, 565; 15 *Wall.*, 75; 107 *U. S.*, 626; 2 *Dall.*, 101; 1 *Otto*, 442; 16 *Pet.*, 303; 18 *Fed. Rep.*, 873.

C. B. MOORE, Special Judge. This case is no stranger here. This court has met it, and has introduced it to the public on two former occasions, once as reported in 38th Ark., page 557, and again as reported in 48th Ark., page 515.

In 1878, appellant instituted suit, at law, against the appellees, in the circuit court of Hempstead county, where they resided, on a bond executed by appellees in a contract for building a bridge. Appellees answered, denying the forfeiture of the bond, and claiming pay for the bridge.

The cause was transferred to the equity docket, and resulted in a decree in favor of appellees for $1300, the value of the bridge, and $318.50 for interest that had accrued, making total amount of the decree $1618.50. This decree was rendered February 3d, 1880. On appeal, the decree was, in all things, affirmed by this court. See *Nevada county v. Hicks, et al.*, 38 *Ark.*, 557.

After the mandate of the supreme court had been filed and recorded, the appellees made out their account against Nevada county and presented it for allowance to the county court. Pending action of the Nevada county court upon said claim, appellant, to avoid the decree of the court in Nevada county v. Hicks, et al., *supra*, filed her bill in the Hempstead circuit court in chancery, praying for a review of said decree and pleading the act of the general assembly of 27th of February, 1879; which bill was dismissed by said

27

circuit court, on demurrer, and the decree of the Hempstead circuit court in chancery, dismissing said bill, was affirmed, on appeal, by this court, in *State ex rel. Nevada county v. Hicks*, 48 *Ark.*, 515.

After this decree was affirmed, appellees pressed their claim to a determination in the circuit court of Nevada county.

One of the items in the account presented is for $307.51, being interest upon said original decree, from the date of its rendition in the Hempstead circuit court, until the presentation of said account to the Nevada county court, on the 2d day of April, 1883. The allowance of the account was resisted in the county court, principally on the ground of said item of interest, and the whole account was, by the county court, disallowed, and the order disallowing it was appealed to the Nevada circuit court.

The case was heard by the Nevada circuit court, which among other things, adjudged that the appellees should recover from the appellant the sum of $704.05 for their interest on said claim, from the date of the rendition of the decree in the Hempstead circuit court on February 3d, 1880, until the date of the judgment here appealed from by the Nevada circuit court, being interest at six per cent. on said decree in the Hempstead circuit court from the time of its rendition until the time of the judgment here appealed from.

The appellant excepted to so much of the judgment as allowed said interest and appealed to this court.

The issue made, and the only question here presented is as to the correctness of the court below in rendering judgment against Nevada county for interest, upon the amount of the decree rendered by the Hempstead circuit court on February 3d, 1880.

Nevada County v. Hicks.

The learned counsel for appellant earnestly argue and insist that the allowance of interest on any claim, judgment or decree, against a county contravenes the provision of Section 1, Article XVI of the constitution, which forbids counties to issue any interest-bearing evidences of indebtedness. This position is not tenable.

1. COUN-TIES: Allowance of interest on judgment against.

The interest allowed in a judgment, where interest is not stipulated for in the contract sued on, is not by virtue of the contract between the parties to the suit, but is by operation of law, and is in the nature of a penalty provided by the law for delay in payment of the principal sum, after it becomes due.

In the case of a judgment rendered against a county, by a court of competent jurisdiction, the rendering of the judgment cannot, in any just or reasonable sense, be regarded as a contract by the county. The judgment is the decision or sentence of the law fixing the amount due, and we fail to see how the allowance of interest in a judgment on a claim due by a county can be construed as the contract of a county to pay interest—or as the issuing by the county of interest-bearing evidences of indebtedness.

The interest on every judgment, of course, ceases to run when the judgment is paid. The usual mode of discharging a judgment or any claim against a county is by the issue of county warrants. Such warrants do not and cannot be made to bear interest—this being prohibited by the above cited article of the constitution—and as construed and decided in the case of *Jacks & Co. v. Turner, Sheriff*, etc., 36 *Ark., p.* 89. This is all that is decided in *Jacks v. Turner.*

Appellant constructs an ingenious argument, based on the act of February 27th, 1879, forbidding the suing of counties, and concludes that, as no suit can be brought

against a county and prosecuted to judgment, and no effects or property of a county can be sold to satisfy a judgment—*sections* 4740 *and* 4741 *of Mansfield's Digest* contain no authority for the allowance of interest against a county,

It seems hardly necessary to pass upon the point raised in this part of the argument of appellant—in view of the decision in *State ex rel. Nevada County v. Hicks et al.,* in 48*th Ark.,* 515.

However, we proceed to remark, that the sections of the statute above mentioned provide that all judgments, where there is no contract for more than six per cent, shall bear that rate of interest, " until the effects are sold or *satisfaction be made.*"

There is no exception here in favor of counties or any other judgment debtor, In the case of a county, the " satisfaction made" would be by paying money, or by issuing county warrants, as its effects cannot be sold. The argument of appellant would have applied with equal force before the passage of the act of February 27th, 1879—and, if sound, no interest ever was legally collectable on a judgment against a county.

2. SAME: Judgment against bears interest.    Whilst it is true that by the act of February 27th, 1879, counties cannot be sued, in the ordinary way of bringing suits, still, judgments may be, and are, rendered against them.   Every allowance of a claim by the county court is a judgment; and, unquestionably, when an appeal is prosecuted from the action of the county court in allowing or rejecting a claim, the decision of the appellate court is a judgment—and when the judgment of the county court is reversed the judgment of reversal, when certified to the county court, is required to be entered as " the judgment of the county court." [See *section* 2, *Act of Feb.* 27*th,* 1879.]   Since *all judgments,*

without exception, by *sections* 4740, 4741 *of Mansfield's Digest,* bear interest, the conclusion cannot be escaped that the judgment or decree of the Hempstead circuit court, on which the judgment under consideration is based, should bear interest.

Appellant also calls attention to the fact that the decree of the Hempstead circuit court of February 3d, 1880, did not provide for interest *in the decree.*

The statute provides that judgments shall bear interest —[and decrees are judgments]—and whilst it is proper to mention the interest that a judgment should bear—and *semble*—necessary where the rate is to be more than six per cent—the judgment or decree will bear interest whether noted in the record entry of the decree or not.

"Interest upon a judgment which is secured by positive law is as much a part of the judgment as if expressed in it," says the supreme court of the U. S. in *Amis v. Smith,* 16 *Peters,* 303. See also *Jerome v. Com'rs.,* 18 *Fed. Rep.,* 873.

An argument is further made by appellant to show that counties should be classed as sovereign governments, equally with the state or United States, and, therefore, never liable to pay interest, because (theoretically) governments are supposed to be always ready to pay their just debts.

Counties never were sovereign—and they partake less of sovereignty now, perhaps, than before their disincorporation by the act of February 27th, 1879.

This claim has been in the courts till it has grown into large proportions. By a mistaken zeal and jealousy of the supposed rights of the appellant, her county court has delayed and hindered appellees from collecting their claim for many years, and it would be unconscionable, if it were legal, to confine them to the recovery only of the

amount of the original decree, rendered in 1880,—and that to be paid in county warrants—perhaps of depreciated value. But the law does not require nor warrant this, at the hands of the court.

Let the judgment of the Nevada circuit court be, in all things, affirmed.

Battle, J., did not sit in this case.