Hockemeyer *et al. v.* Thompson.

---

HOCKEMEYER ET. AL. *v.* THOMPSON.

[No. 18,389. Filed Jan. 5, 1898. Rehearing denied March 31, 1898.]

COURTS.—*Jurisdiction.*—*Allen Superior Court.*—*Drains.*—*Appeals.*— The act creating the Allen Superior Court, and giving it "concurrent jurisdiction with the circuit court in all cases of appeals from * * * boards of county commissioners or city courts in civil cases," etc., authorizes an appeal thereto from a judgment of the board of commissioners establishing a drain.

From the Allen Superior Court. *Reversed.*

*W. G. Colerick,* for appellants.

*W. P. Breen* and *John Morris, Jr.,* for appellee.

McCABE, J.—This was a proceeding commenced before the board of commissioners of Allen county for the construction of a ditch, under the provisions of the drainage act of 1881 by county boards. Section 5655 *et seq.,* Burns' R. S. 1894 (4285 *et seq.,* R. S. 1881).

From the judgment of the board establishing the drain, the appellants appealed to the superior court of said county. That court, on appellee's motion, dismissed the appeal on the ground that no appeal to

Hockemeyer *et al. v.* Thompson.

that court was authorized by law in such cases. This ruling is assigned as the only error complained of. The superior court of Allen county was created by the act approved March 5, 1877. Acts 1877, p. 43. Section 10 of that act fixes the jurisdiction of that court. It provides that: "Said court, within and for said county, shall have original and concurrent jurisdiction with the circuit court in all civil cases, and jurisdiction concurrent with the circuit court in all cases of appeals from justices of the peace, boards of county commissioners, and mayors of [or] city courts in civil cases, and all other appellate jurisdiction in civil causes now vested in, or which may hereafter be vested by law in the circuit courts, and said court shall also have concurrent jurisdiction in all actions by or against executors, guardians and administrators." The drainage act of 1881 was passed after the act just quoted. The section thereof authorizing an appeal is general, and does not designate the court to which the appeal is to be taken. Section 5671, Burns' R. S. 1894 (4301, R. S. 1881). But it is contended that the provision in the latter part of the section and the next section show that the legislative intent was to confine the right of appeal to the circuit court. The provision in the same section is that the appeal bond is "to be approved by the auditor and the clerk of the circuit court," and that the auditor is to "make a complete transcript of the proceedings, etc., * * * and certify the same, etc., * * * to the clerk of the circuit court." The provision in the next section is that "If more than one party appeal, the judge of the circuit court shall order the cases consolidated and tried together, and the rights of each party shall be separately determined by the jury in its verdict." Section 5672, Burns' R. S. 1894 (4302, R. S. 1881). As the section of

the act creating the superior court to some extent relates to the same matter involved in the provisions of the drainage act authorizing an appeal in such cases, the two statutes ought to and must be construed together. The provisions relied on in the drainage act as conferring exclusive jurisdiction on the circuit court do not expressly so provide. The provisions quoted at most only afford grounds for an implication, that the legislature might have meant to confine the right of appeal to the circuit court. And yet the language employed is not necessarily inconsistent with the idea of allowing appeals to both courts where there is a superior court in the county. But the language employed in the superior court act is absolutely inconsistent with the idea that the circuit court alone had jurisdiction of such appeals. It gives the superior court "concurrent jurisdiction with the circuit court in all cases of appeals from * * * boards of county commissioners and mayors of [or] city courts in civil cases, etc." It is suggested that a drainage proceeding under the drainage act is not a civil case, and therefore the act does not confer jurisdiction of appeals on the superior court. To this it may be answered that no other proceeding before the board of commissioners is a civil case in the strict sense, and yet appeals are authorized from boards of commissioners to the superior court. The phrases "civil cases" and "civil causes" as used in the section quoted were evidently used in contradistinction to criminal cases for the purpose of including all cases other than criminal cases. And then the section concludes with the sweeping clause: "and all other appellate jurisdiction in civil causes now vested in, or which may hereafter be vested by law in the circuit courts." This language was evidently intended to vest all appellate jurisdiction in the superior court

which was then vested in the circuit court except in criminal cases, and such jurisdiction as might thereafter be vested in the circuit court by law. Jurisdiction of appeals in drainage proceedings was thereafter vested by law in the circuit court, and by force of the two statutes such jurisdiction became vested in the superior court. To hold otherwise would be so to construe the two statutes as to give one of them no force whatever. And even though we should hold that the drainage act vested the jurisdiction of appeals in such proceedings in the circuit court alone, there is no reason why we should refuse to give effect to the jurisdiction section of the superior court act, providing that it should have all other appellate jurisdiction thereafter vested by law in the circuit courts. Therefore, we hold that the superior court had jurisdiction of the appeal. The superior court erred in dismissing the appeal. The judgment is reversed, and the cause remanded, with instructions to overrule appellee's motion to dismiss the appeal, and for further proceedings not inconsistent with this opinion.

## ON PETITION FOR REHEARING.

McCABE, J.—Appellees learned counsel, in support of their petition for a rehearing, say: "It seems to us that appellant's counsel, as well as the court, has misapprehended the meaning of the words, *all other appellate jurisdiction in civil causes now vested in or which may hereafter be vested by law in the circuit courts.* The words 'and all other appellate jurisdiction in civil causes now vested in, or which may hereafter be vested by law in the circuit courts,' can not refer to appeals from boards of county commissioners. The superior court was sufficiently given jurisdiction of appeals from boards of county commis-

sioners, and, therefore, 'other appellate jurisdiction' must refer to something besides appeals from boards of county commissioners.    Otherwise the word 'other' would have no meaning."

If the language of the jurisdictional section 10 of the Allen county superior court act, preceding the language just quoted therefrom, includes jurisdiction of appeals in drainage proceedings, then appellee's contention that the words just quoted did not include it is right.    But in that case the jurisdiction of such appeals would be conferred on the superior court of Allen county, making the action of that court in dismissing the appeal erroneous, unless we were wrong in holding in the original opinion that the phrase "civil cases" and "civil causes" "were evidently used in contradistinction to criminal cases for the purpose of including all cases other than criminal cases." But appeals from boards of commissioners in drainage proceedings under the drainage act of 1881 could not very well have been intended to be included in the language, "in all cases of appeals from. * * * boards of county commissioners," employed in the fore part of section 10 of the act of 1877, because the right of appeal in drainage proceedings under the drainage act of 1881 did not then exist. And hence the language in the concluding part of the section vesting in the Allen superior court "all other appellate jurisdiction in civil causes now vested in or which may hereafter be vested in the circuit courts" necessarily vested in the superior court all appellate jurisdiction in civil causes which was then vested in the circuit court, or which might thereafter be vested in the circuit court.    Now, appellee's contention is that the appellate jurisdiction involved in this case was afterwards vested in the circuit court.    Such a result, however, is only reached by an implication from the language employed in the

Hockemeyer *et al. v.* Thompson.

drainage act of 1881.  But, concede that it was expressly conferred on and vested in the circuit court by that act, so long as it was not thereby vested exclusively in the circuit court, there is no excuse furnished by appellee's counsel for refusing to give effect to the language of the superior court act vesting in that court the same appellate jurisdiction that was afterwards vested in the circuit court.  And the learned counsel do not even pretend that there is any language in the drainage act of 1881 vesting jurisdiction of appeals in such cases exclusively in the circuit court.  They do, however, contend and cite an overwhelming list of cases to the effect that when a new right is created by a statute and a remedy provided, that such remedy is exclusive of all others.  They also complain that we did not notice this proposition in our original opinion.  Our reason for ignoring it was that the proposition, though well founded in law, had no sort of application to the case.  It may be conceded that the drainage law created a new right, and that one of the remedies provided for aggrieved persons interested in proposed drainage was an appeal to a court of common law jurisdiction where a trial could be had by a jury.  Whether the appeal thus allowed should be exclusively to one of two courts of concurrent jurisdiction, or to either, at the option of the appealing party, is simply a question to be settled by the proper construction of the statutes involved. And whether the appeal is allowed to one court exclusively, or to either of the two, it is the same remedy and not a different remedy.

But if a drainage proceeding is not a "civil case," or a "civil cause" within the meaning of the superior court act, as was earnestly asserted by appellee formerly, and in this petition, without citing any authority in support thereof, then appellee's contention

that no appeal lies to the superior court in such cases must prevail.

It is provided by statute that the construction of all statutes of this State shall be by the following rules: "First. Words and phrases shall be taken in their plain, or ordinary and usual sense. But technical words and phrases, having a peculiar and appropriate meaning in law, shall be understood according to their technical import." Section 240, Burns' R. S. 1894 (240, R. S. 1881).

Webster's Unabridged Dictionary defines the ordinary meaning of the word "civil" to be "Relating to rights and remedies sought by action or suit distinct from criminal proceedings." Bouvier's Law Dictionary defines the legal or technical meaning of the word "civil" to be: "In contradistinction to criminal, to indicate the private rights and remedies of men, as members of the community, in contrast to those which are public and relate to the government; thus, we speak of civil process and criminal process, civil jurisdiction and criminal jurisdiction." Anderson's Law Dictionary defines the word thus: "Concerning the rights of and wrongs to individuals considered as private persons, in contradistinction to criminal or that which concerns the whole political society, the community, state, government: as, civil-action, case, code, court, damage, injury, * * * proceeding, procedure, process, remedy * * * ." Law is said to be the perfection of reason, especially in a case like the present one, of first impression. And the courts are no more justified in casting aside the lamp of reason as a guide to their footsteps than they are in overriding and disregarding long established principles by courts of highest authority.

Thus it would seem that there is absolutely no reasonable or logical escape from the conclusion formerly

reached by us that the words "civil cases" and "civil causes" are to be construed, and we are imperatively required to construe them as including all cases other than criminal cases. That being so, it follows inevitably from that conclusion, that jurisdiction of appeals from boards of commissioners in drainage proceedings is vested in the superior court of Allen county.

The argument of appellees learned counsel that if appeals are allowed to both courts it might result in great confusion by one of them deciding a case involving the validity of the drainage proceedings appealed from in one way, and the other decide another appeal involving the same question the other way, all of which would have been very potent if it had been addressed to the lawmaking power. But when addressed to this court it must fail, because this court has not been clothed with power to make laws. Petition overruled.