JEFFERSON COUNTY *v.* PHILPOT.

Opinion delivered March 11, 1899.

COUNTY—LIABILITY FOR COSTS.—When a creditor of a county presents his claim to the county court for allowance against the county, in accordance with the statute, and judgment thereon is rendered in his favor, the creditor is entitled to recover of the county the costs expended by him in the proceeding, including the fee of ten cents paid to the county clerk for filing his claim. (Page 245.)

Appeal from Jefferson Circuit Court.

JOHN M. ELLIOTT, Judge.

*Smith C. Martin*, for appellant.

No fee is payable to officers unless specifically provided by legislative enactment. Mansf. Dig. § 1237; 56 Ark. 581; 57

Ark. 487. The state and county are not affected by the general provisions of Mansf. Dig. § 3307; 32 Ark. 45. A county is not liable for services rendered by the clerk in filing accounts of individuals against the county. 41 S. W. 220.

*Cockrill & Cockrill,* for appellee:

Appellee was legally bound to pay for the filing of the claims. Sand. & H. Dig. § 3309; 41 S. W. 420; 32 Ark. 45, 52. The county court has exclusive original jurisdiction of all suits in state courts against the county. 44 Ark. 225. Sand. & H. Dig. § 810, 811. The proceeding is a "civil action," within the meaning of the code (Sand. & H. Dig. § 5602), and results in a final judgment. Sand. & H. Dig. § 5851; 22 Ark. 595; 33 Ark. 788; 39 Ark. 485 and cases; 37 Ark. 532, 540; 148 U. S. 529, 532. Costs should be adjudged for the prevailing party. 50 Ark. 416; Sand. & H. Dig. § 787; 2 Bac. Abr. 484, 485. The county, being authorized to contract, is liable to suit. 39 Fed. 7; 6 C. C. A. 674, 680; 148 U. S. 529. Counties are liable for costs. 132 U. S. 1; 133 U. S. 529. And this is true, though no mention is made of them in the statute regulating costs. The mere fact that it is a state agency does not exempt it. 41 Ark. 45; 49 Ark 139, 142; 45 Ark. 123; 56 Ark. 68, 71; 10 Ark. 588. Statutes are to be construed in the light of their intention. 1 Black, 54; 61 Ark. 226, 241.

*Williams & Bradshaw, amici curiæ,* in reply to appellee.

Cases are regulated by statute, and the general statute does not apply to special proceedings. 60 Ark. 194. The liability of a county for costs is regulated by and dependent upon statute. 10 Ark. 167; 32 Ark. 45; 60 Ark. 194; 62 Ark. 272. General provisions do not apply to the county, unless expressly named. 57 Ark. 487. In the absence of a statute providing for the payment of a claim out of the county treasury, the county court should not allow it. 22 Ark. 595. In respect to such claims as this, the county court is a mere auditing board. 22 Ark. 595. The right to appeal [given by Sand. & H. Dig. § 810] does not make it a suit. This is a special proceeding, and costs are not allowable. *Ibid.* Cost statutes are strictly construed, and most strongly against the claimant officer. 47

Ark. 442; 61 Ark. 407; 25 Ark. 235; 58 Ark. 487; 32 Ark. 45; 56 Ark. 581. In equity costs do not always follow the judgment.   36 Ark. 383.

BATTLE, J.   Philpot had several claims against Jefferson county.   He presented them to the county court for allowance. When presented, they were filed by the clerk of the court, and he charged the claimant ten cents for filing each claim.   The county court entered judgment against the county for the amount of the claims, but refused to allow the ten cents paid to the clerk for filing each of them.   Philpot appealed to the circuit court, which found that Philpot was entitled to recover the amount of the claims presented, and that he had paid ten cents to the clerk of the county court for filing each of them; and thereupon declared the law to be that the amount paid to the county clerk was a part of the costs of the allowance of his claims, and that he should recover it from the county.   The county has appealed.   It concedes that the allowance of the original claims is correct, but contends that the circuit court erred in permitting the plaintiff to recover the amounts paid by him to the clerk of the county court for filing his claims for allowance.

The only question, therefore, presented by the record is this:   "When a creditor of a county presents his claim to the county court for allowance in accordance with the statute, and judgment thereon is rendered in his favor, is the creditor entitled to recover of the county the costs expended by him in the proceeding?"

Our statutes provide that when a plaintiff in an action shall recover "judgment, he shall have judgment for costs against the defendant."   Sand. & H. Dig. § 787.

"A civil action," as defined by the code, "is an ordinary proceeding in a court of justice by one party against another for the enforcement or protection of a private right, or the redress or prevention of a private wrong."   Sand. & H. Dig. § 5602.   It is variously defined to be:   "The rightful method of obtaining in court what is due to any one; the lawful demand of one's right in a court of justice; the lawful demand of one's rights in the form given by law; the form of a suit given by

law for the recovery of that which is one's due; the lawful demand of one's rights; a remedial instrument of justice, whereby redress is obtained for any wrong committed or right withheld; any judicial proceeding which, conducted to a termination, will result in a judgment." Winfield's Adjudged Words and Phrases, p. 16.

The county court has exclusive jurisdiction, as against the state courts, of all claims and demands against the county. The statutes provide: "All persons having demands against any county shall present the same, duly verified according to law, to the county court of such county for allowance or rejection. From the order of the county court thereon appeals may be prosecuted as now provided by law. If on any such appeal the judgment of the county court is reversed, the judgment of reversal shall be certified to the county court, and the county court shall thereupon enter the judgment of the superior court as its own." Sand. & H. Dig. §§ 810, 811.

In *Nevada County* v. *Hicks*, 50 Ark. 416, it is said. "Whilst it is true that, by the act of February 27, 1879, counties cannot be sued in the ordinary way of bringing suits, still judgments may be and are rendered against them. Every allowance of a claim by the county court is a judgment." And a judgment "is the final determination of the rights of the parties to an action." Sand. & H. Dig. § 5851.

The filing of a demand against a county and presenting it to the county court for allowance is, therefore, according to the various definitions given, the institution of a suit or action, no other pleading or proceeding for that purpose being required; and under the statutes the plaintiff, or person presenting the same, if allowed, is entitled to judgment for costs; and the fee allowed and paid for the filing of each claim is cost of the action.

Appellant contends that a county is not liable for the fees paid for the filing of claims allowed against a county, and cites *Cole* v. *White County*, 32 Ark. 45, to sustain its contention. In that case the demand for such fees was made by a clerk for *ex parte* services rendered by him, and was not a claim for the costs of a successful suit against the county. A careful read-

ing of the opinion in that case .will show that the question presented in this was not considered in that case.

Appellant relies upon the rule to the effect that, in the construction of statutes, general words do not include the state or county, nor affect its rights, unless the state or county is named or clearly included. That is true. But there are exceptions to the rule. Where a state or county becomes a party to an action in a court, it becomes subject and liable to all the statutes and rules which regulate the pleadings and proceedings, and determine the rights and liabilities of the parties, in such actions, unless expressly or impliedly excepted. *Green* v. *United States*, 9 Wall. 655. This necessarily follows, otherwise the courts would sometimes be left without any law to control or guide them in such cases. Ordinarily, there can be no reason or necessity for a different rule in actions to which a state or county is a party, and, generally, none is enacted.

In *Nevada County* v. *Hicks, supra,* the question was whether a statute declaring that judgments should bear interest applied to a judgment against a county. Counties were not mentioned in the act, and the question was whether they stood upon a different footing from other litigants against whom judgments were rendered. ·The court held that they did not, that interest was an incident under the statute to all judgments, and that counties were bound by its terms unless specially· excepted.

Costs are incidents to all actions. One cannot be prosecuted without it. For the same reason that a county is liable under the statute to pay interest on judgments against it, it should be liable for costs when a judgment is rendered against it. The statute regulating the adjudication of costs governs, in part, the procedure in actions in all courts, unless otherwise provided by statute; and the state or county becoming a party to them is subject to it, unless excepted.

In *Wilson* v. *Fussell,* 60 Ark. 194, cited by appellant, D. M. Wilson, the sheriff of St. Francis county, gave bond as collector of taxes, which was approved by the county court. The appellees, James Fussell and others, citizens ·and taxpayers of the county, deeming the sureties on said bond insufficient, appealed to the circuit judge in vacation from the order of the county court approving the bond, and the circuit judge, after

hearing the evidence, likewise approved the bond. The court held that the proceedings before the judge was not an action at law or in equity, and that costs could not be adjudged to the successful party. So it does not support appellant's contention.

Judgment affirmed.