READ *v.* MISSISSIPPI COUNTY.

Opinion delivered June 8, 1901.

CONSTITUTIONAL LAW—IMPAIRMENT OF OBLIGATION OF CONTRACT.—The act of March 21, 1893, providing that no judgment rendered against any county "on county warrants or other evidence of county indebtness shall bear any interest after the passage of the act," does not violate section 17, of article 2, of the constitution, which provides that no "*ex post facto* law, or law impairing the obligation of contracts shall ever be passed;" nor does it deprive a judgment debtor who obtained judgment before its passage of his property without due process, in violation of section 8, article 2, of the constitution.

Appeal from Mississippi Circuit Court.

FELIX G. TAYLOR, Judge.

### STATEMENT BY THE COURT.

This was an application by the appellant to the county court of Mississippi county for the allowance against the county of the amount of a judgment against said county recovered by the plaintiff in the United States circuit court for the eastern district of Arkansas on the 15th of December, 1888, for $8,212.63, with interest thereon from the date of the rendition thereof until the date of allowance by the county court of Mississippi county, at the rate of 6 per cent. per annum, amounting to $12,806.68, principal and interest; and that county scrip be issued to him thereon. The county court disallowed the application on the ground: (1) That said county court is not authorized to issue county warrants in payment of said judgment, on account of there not being an appropriation out of which to pay said judgment; (2) that no interest is due on said judgment after March 21, 1893. From which judgment plaintiff took an appeal to the circuit court. The circuit court held that so much of the claim as is the principal of said judgment and interest thereon to the 21st of March, 1893, and the costs in the circuit court of the United States, is a valid claim against the defendant, and ought to have been allowed, and that so much of said claim as consists of interest from March 21, 1893, until now (date of judgment in circuit court) is not a valid claim against the defendant, and was by the county court properly disallowed; and proceeded to give judgment accordingly,—that the county court should allow interest on said claim from the rendition of said judgment to March 21, 1893, and the costs in the United States district court in said cause and costs in this cause, and that warrants issue therefor as provided by law, etc., and that the order of the county court disallowing interest on said judgment from March 21, 1893, until now be and the same is, in all things approved. The plaintiff brings up the cause by appeal.

*Geo. W. Thomason,* for appellant.

The act of March, 1893, is unconstitutional. Const. Ark. art. 5, § 25; *ib.* art. 14, § 1; *ib.* art. 2, § 18.

HUGHES, J., (after stating the facts). The court held in *Nevada County* v. *Hicks,* 50 Ark. 416, that "the allowance of

interest on a judgment against a county is not a contract by the county to pay interest, and does not violate section 1, art. 16, of the constitution, which forbids counties to issue any interest-bearing evidences of indebtedness." That a judgment against a county bears interest, whether mentioned in the judgment or not, at the rate of 6 per cent. per annum (sections 4740, 4741, Mansfield's Digest; sections 5082, 5083, Sandels & Hill's Digest), unless the judgment is rendered upon a contract for more than 6 per cent. when it will bear the rate of interest the contract bore (when it does not exceed 10 per cent., the lawful conventional rate, of course). Interest allowed on a judgment, where not stipulated for in the contract sued upon, is not by virtue of a contract, but is by operation of law, and in the nature of a penalty for delay in payment of the principal, after it becomes due.

By act approved the 21st of March, 1893, it is provided "that no judgment rendered or to be rendered against any county in the state, on county warrants, or other evidences of county indebtedness, shall bear any interest after the passage of this act." Sections 5082, 5083, Sandels & Hill's Digest. The appellant thinks this act violates sec. 17 of art. 2, of the constitution, which provides that no *ex post facto* law, or law impairing the obligation of contracts shall ever be passed, and the portion of sec. 8, art. 2, of the constitution which provides that no persons "shall be deprived of life, liberty or property without due process of law." These provisions are also contained in the constitution of the United States. In the case of *Morley* v. *Lake Shore, etc., Railway Company,* 146 U. S. 162, is to be found a case in point. It is as follows: "The court of appeals of the state of New York having held that a judgment obtained before the passage of the act of the legislature of that state of June 20, 1879, reducing the rate of interest (Sess. Laws 1879, c. 538), is not a contract or obligation excepted from its operation under the provisions of § 1, this court accepts that construction as binding here."

"The provision in sec. 10 of art. 1 of the constitution of the United States that no state shall pass 'any law impairing the obligation of contracts' does not forbid a state from legislating, within its discretion, to reduce the rate of interest upon judgments previously obtained in its courts; as the judgment creditor has no contract whatever in that respect with the judgment debtor, and as the former's right to receive, and the latter's obligation to pay, exists only as to such amount of interest as the state chooses

to prescribe as a penalty or liquidated damages for the nonpayment of the judgment."

"A state statute reducing the rate of interest upon all judgments within the courts of the state does not, when applied to one obtained previous to its passage, deprive the judgment creditor of his property without due process of law, in violation of the provisions of sec. 1 of the fourteenth amendment to the constitution of the United States." This decision is satisfactory to us, and fully answers the appellant's contentions.

The judgment of the Mississippi circuit court is in all things affirmed.