STATE, *ex rel.* Cary D. Landis, Attorney General, for the benefit of certificate holders (and at their instance) of the Sovereign Camp, Woodmen of the World, a fraternal benefit society, v. SOVEREIGN CAMP, WOODMEN OF THE WORLD, a foreign Corporation and fraternal benefit society.

180 So. 33.

En Banc.

Opinion Filed Apirl 1, 1938.

868

*J. Tom Watson,* for Relator;

*Rainey T. Wells* (Omaha, Neb.), *Waller & Meginniss, B. A. Meginniss* and *Chas. H. Spitz,* for Respondent.

TERRELL, J.—This is a proceeding in quo warranto by the Attorney General for the benefit of certificate holders against the Sovereign Camp, Woodmen of the World, a foreign fraternal benefit society, authorized to do business in this State pursuant to Chapter 6970, Acts of 1915, Sections 4427 and 4480, Revised General Statutes of 1920, Sections 6391 to 6444, Compiled General Laws of 1927.

The information charges that Respondent has forfeited its right and franchise to do business in this State because having issued fraternal benefit certificates of insurance to certain of its members at a fixed rate of premium, it subsequently without authority of law materially raised said rate and now claims a lien against the certificates for the difference between the old and the new rate. The cause now comes on to be heard on the demurrer to and motion of Respondent to quash the writ of quo warranto.

Counsel are not in agreement as to the questions presented but we are convinced that the matter is concluded by both the doctrine of estoppel and the question of whether or not the information recites any reason in law to warrant the withdrawal of respondent's franchise to do business in this State.

Supporting the doctrine of estoppel, the record shows that the certificate holders affected were such prior to the year 1919, that during said year, Respondent amended its by-laws to provide for an increase in its premium rates and providing further that all certificate holders might elect to continue the payment of the old rates and permit the difference between the old and the new rates to be withheld by Respondent as a lien against his certificate with compound interest. This amendment was duly filed with the State Treasurer as *ex officio* Insurance Commissioner.

No change has been made in Respondent's by-laws since the year 1919. It is alleged that the change recited was made without the consent of the certificate holders but it is not alleged that it was made without authority of law. Not only this, but notwithstanding the change and the notice thereof to them, the certificate holders waited for eighteen years to raise the question during which time they enjoyed the protection afforded them by the certificates. Certainly they are now estopped to raise the question.

There has in times past existed some confusion in the law as to whether or not the doctrine of estoppel could be raised against the State but as to the facts shown here, there seems no doubt that it may be done. The State has each year during the eighteen years the amended by-laws have been in effect, through its State Treasurer, who is clothed with power to do so, renewed Respondent's license and recognized its right to do business in the State. Under such state of facts the Attorney General will not be permitted to raise the question. State, *ex rel.* Caldwell, v. Lincoln Street Railway, *et al.,* 80 Neb. 333, 352, 114 N. W. 422; State v. Bailey, *et al.,* Ind. 452; State, *ex rel.* Jordan, v. City of Greenwood, 157 Miss. 836, 129 So. 682; State of Iowa v. Carr, 191 Fed. 257. Also recognized in

State, *ex rel.* Buford, v. Pinellas County Power Co., 87 Fla. 243, 100 So. 504.

But if estoppel were not available, the information fails to show that the raise in premium rate or Respondent's method of doing business was in other respects violative of the law of this State, its Charter, Constitution, or by-laws.

The information makes no attempt to charge that Respondent's method of doing business was in violation of the law of Florida, its by-laws, or its Constitution. The applicable law¡ of Florida to societies of this class, Chapter 6970, Acts of 1915, does not prohibit Respondent from raising its premium rates but in broad terms authorizes it to amend its by-laws and when so amended and notice given, makes them binding on its members.

The increased premium rate is not challenged on the ground of discrimination, unreasonableness, or unfairness and so long as not offensive to these requirements, raises in rates of insurance on the part of mutual benefit societies have been approved. Supreme Lodge, K. of P., v. Mims, 241 U. S. 574, 36 Sup. Ct. 702, 60 L. Ed. 1179; Sovereign Camp of W. O. W. v. Carrell, 20 Ala. App. 340, 101 So. 914; Reynolds v. Supreme Council R. A., 192 Mass. 150, 78 N. E. 129. The very provision of its charter now under assault was reviewed and approved by the Supreme Court of Nebraska in Fowler v. Sovereign Camp W. O. W., 106 Neb. 192, 183 N. W. 550.

Such being the holding of the Supreme Court of Nebraska, the domicile State of Respondent, on the identical question before us, its charter and by-laws should be upheld by this Court on authority of the full faith and credit clause, Federal Constitution, Section 1, Article 4; Supreme Council, Royal Arcannum, v. Green, 237 U. S. 531, 35 Sup. Ct. 724, 59 L. Ed. 1089.

It is not out of place to state here that if the information had stated generally that Respondent was doing business in the State unlawfully, it would have made a *prima facie* case not subject to demurrer or motion to quash but when the information of the Attorney General attempts by specific allegations to charge usurpation or illegal conduct in the part of Respondent, it may be attacked in like manner as the sufficiency of other writs are tested. State, *ex rel.* Davis, Attorney General, *et al.,* v. City of Stuart, 97 Fla. 69, 120 So. 335.

The demurrer and motion to quash are therefore sustained and the cause dismissed.

It is so ordered.

ELLIS, C. J., and WHITFIELD, and BROWN, J. J., concur.

BUFORD and CHAPMAN, J. J., not participating.