J. M. LEE, as State Comptroller, and W. W. CHASE, as Sheriff of Polk County, v. PAUL V. LANG, as Clerk of the Circuit Court, Second Judicial Circuit, Leon County, and LAKELAND GROCERY COMPANY, etc.

192 So. 490
Division A
Opinion Filed November 28, 1939
Rehearing Denied January 4, 1940

*George Couper Gibbs,* Attorney General, *Tyrus A. Norwood,* Assistant Attorney General, and *Keen & Allen,* for Petitioners;

*J. Lewis Hall* and *E. C. McClurg,* for Respondents;

*Richard H. Hunt, Waller & Meginniss, Hoffman & Robinson, B. K. Roberts; Mabry, Reaves, Carlton & White, Norman E. Cox, Calvin Johnson* and *J. P. Marchant,* as *Amici Curiae.*

BUFORD, J.—Writ of Certiorari was issued to review an order denying a motion to strike an amendment to the bill of complaint. On the original bill the chancellor granted an injunction restraining J. M. Lee, Comptroller, and others from enforcing a warrant issued for the collection of taxes from Lakeland Grocery Company claimed to be due under Chapter 16848, Laws of Florida, Acts of 1935. The warrant was issued, the original bill was filed and the restraining order entered in January, 1939.

Subsequently the Legislature enacted Chapter 19165, Acts 1939, which we will discuss later, and this Act was set out in the amendment to the bill of complaint upon the theory that it was retroactive and that therefore its provisions would affect the suit then pending.

It is the position of the petitioners in this proceeding, defendants in the suit in the circuit court, (1) that the Act is prospective only and (2) that if retroactive it is unconstitutional. We approach the question in this order.

For the purpose of conserving time and space we give only so much of the provisions of Section 1 as appears necessary to a proper understanding of the problem before us.

*"Whenever* any * * * State or Municipal Officer * * * annually, *for two* * * * *consecutive years shall have* received the taxes * * * for the operation * * * of * * * places of business * * * no such officer * * * shall thereafter prohibit the operation of such places of business * * * nor issue * * * any warrant against the holder of such licenses * * * for any additional license taxes; * * * nor shall any right

of action * * * exist * * * for any additional taxes for such places of business * * * for the license years for which such licenses were * * * issued."

We have italicized the words which must be defined separately and collectively to ascertain the true sense of the provisions.

We pass then to the second problem, whether the law does violence to Sec. 33 of Article III. It inhibits the enactment of a statute "lessening the time within which a civil action may be commenced on any cause of action existing at the time of its passage." This, insist respondents, applies because the statute in question, if held retrospective, would interfere with the unpaid tax which there was a right to collect and which was in process of collection under the warrant issued by the Comptroller and involved in the suit at the time the Act became effective.

In opposition it is contended that no limitation upon any action was intended and the only purpose was to "enact into law the doctrine of equitable estoppel."

We do not think that Section 2927 R. G. S., 4647 C. G. L., has any controlling effect in this case because Chapter 19165, *supra,* is a later legislative enactment and, being in conflict with the former enactment, it takes precedence over the former enactment.

It cannot be seriously questioned that the Legislature has the power to suspend or abolish the claim of the State or of its political subdivisions to a delinquent unpaid excise tax.

We think that an equitable estoppel may be effectuated against the State or its political subdivisions by legislative enactment. We do not think that the Act here under consideration violates Section 33 of Article III of the Constitution of Florida because the right affected does not constitute

basis for civil action. Civil actions have been defined by many courts and generally it may be said that they are actions between citizens to redress private wrongs and enforce individual rights. Some judicial definitions are as follows:

"A civil Action has been defined to be an action which has for its object the recovery of private or civil rights, or compensation for their infraction. Farnum's Petition, 51 N. H. 383.

"Civil cases are essentially those in which the defendant, or party against whom relief is sought, is a natural person or corporation other than the State. State v. Judge, 15 La. 192.

"Civil cases are those which involve disputes or contests between man and man, and which only terminate in the adjustment of the rights of plaintiffs and defendants. They include all cases which cannot legally be denominated criminal cases. Grimball v. Ross, T. U. P. Charlt. (Ga.) 175.

"In Cancemi v. People, 18 N. Y. 136, the Court said: 'Civil suits relate to and affect, as to the parties against whom they are brought, only individual rights which are within their individual control and which they may part with at their pleasure. The design of such suits is the enforcement of merely private obligations and duties. * * * Criminal prosecutions involve public wrongs * * * a breach and violation of public rights and duties which affect the whole community, considered as a community, in its social and aggregate capacity." 3 Bl. Com. 2; *id*. 4, 5'."

"Concerning the rights of and wrongs to individuals considered as private persons, in contradistinction to criminal or that which concerns the whole political society, the community, State, government: as, civil-action, case, code, court,

damage, injury * * * proceeding, procedure, process remedy." Anderson L. D. quoting Hockemeyer v. Thompson, 150 Ind. 176, 182, 48 N. E. 1029, 49 N. E. 1059; State v. Frost, 113 Wis. 623, 641, 88 N. W. 912, 89 N. W. 915).

"Civil Action. A civil action has been variously defined as an action to enforce a private or civil right to redress a private wrong; an action which has for its object the recovery of private or civil rights or compensation for their infraction; an action brought to recover some civil right, or to obtain redress for some wrong not being a crime or misdemeanor." 1 Corpus Juris 930.

"An action is 'civil' when it lies to enforce a private right, or redress a private wrong." Rapalje & L. L. D. (quot Gruetter v. Cumberland Tel., etc., Co., 181 Fed. 248, 251.)

"The term 'civil action' as used in statutes, has been held to be 'a proceeding in a court of justice by one party against another for the enforcement or protection of a private right or the redress of a private wrong.' " Thrift v. Thrift, 30 R. I. 357, 363, 75 A. 484.

"A process for the recovery of individual right or redress of individual wrong." Stroud's Judicial Decisions, 130. (Quot. State v. Union Trust Co., 70 Mo. A. 311, 317.)

"A civil action is an ordinary proceeding in a court of justice by one party against another for the enforcement of a private right or the redress or prevention of a private wrong." Nelson v. Sowling, 89 Ark. 334, 340, 116 S. W. 890; Jefferson County v. Philpot, 66 Ark. 243, 245, 50 S. W. 453.

"A civil action is one founded on private rights arising either from contract or tort." Western Union Tel. Co. v. Taylor, 84 Ga. 408, 418, 11 S. E. 396, 8 L. R. A. 189.

"A civil action is a proceeding in a court of justice in

which one party known as the plaintiff demands against another party known as the defendant the enforcement or the prevention or redress of a private wrong." Whitney v. Atlantic Southern R. Co., 53 Iowa 651, 652, 6 N. W. 32; State v. Clarke, 46 Iowa 155, 158. See also *In Re* Bresee, 82 Iowa 573, 577, 48 N. W. 991.

"A civil action is instituted for the purpose of enforcing a private or civil right, or to redress a private wrong, as distinguished from actions instituted to punish crimes which are known as 'criminal actions.' Fenstermacher v. State, 19 Or. 504, 506, 25 P. 142.

"The words 'civil action' as used in the statutes include all legal proceedings partaking of the nature of a suit and designed to determine the rights of private parties." Bryant v. Glidden, 36 Me. 36, 44.

The statute in question created a new defense.

In P. & A. Railroad Co. v. State, 45 Fla. 86, 33 Sou. 985, 110 Am. St. Rep. 7, it was held:

"In civil actions of a penal character, depending upon a statute, where the penalty enures to the State, the repeal of such statute pending an appeal will deprive the appellate court of any power to render a judgment by which the penalty may be enforced. The effect of a repealing statute is to obliterate the statute repealed as completely as if it had never been enacted, except for the purpose of those actions or suits that were commenced, prosecuted and *concluded* while it was an existing law. This rule had no application in Florida to penalties that are imposed in *criminal* cases as *punishment for crime,* because of Section 32 of Article III of the Constitution of 185, which provides: 'The repeal or amendment of any criminal statute shall not affect the prosecution or punishment of any crime committed before such repeal or amendment;' but to a *civil* suit for

the recovery by the State of a *penalty* imposed by a statute for an act that is not *denounced or punishable as a crime,* the quoted saving clause in our Constitution has no applicability, and the repeal of the statute imposing such penalty operates as a release or remission of such penalty, where there is no saving clause as to violations of such repealed statute; and after the repealing law takes effect no further proceedings can be taken under the law so repealed to enforce the penalty inuring to the State. This rule, in cases falling within its purview, applies as well to proceedings upon appeal in the appellate court as to proceedings in the court of original jurisdiction, and as well when the repeal of the law took effect after the removal of the cause to the appellate court as before."

Aside from this, we do not think that Sec. 33 of Article III of the Constitution, which is: "No statute shall be passed lessening the time in which a civil action may be commenced on any cause of action existing at the time of its passage;"—can be applied to the involved statute, for the reason that prior to the pasage of this Act there was no statutory provision limiting the time within which such claims as are contemplated by the statute could be enforced, and, therefore, there was nothing upon which Sec. 33, Article III of the Constitution could operate.

In other words, as was pointed out in the opinion *In Re:* Estate Ollie M. Woods, 133 Fla. 730, 183 Sou. 10, "The purpose of Section 33, Article III, of the Constitution, was to prevent a *subsequent* statute from having retrospective effect by reducing the period of limitation after the statute had already begun to run against a cause of action."

The Act does not violate Section 1 of Article IX of the Constitution of Florida. C. V. Floyd Fruit Co., *et al.,* v. Florida Citrus Commission, *et al.,* 128 Fla. 565, 175 Sou.

248; Jos. H. Sheipp Co. v. Amos, 100 Fla. 866, 130 Sou. 699; State *ex rel.* Sidebottom v. Coleman, Sheriff, 122 Fla. 434, 165 Sou. 569.

That estoppel may be invoked appears to be settled in State *ex rel.* Landis v. Woodmen of the World, 131 Fla. 867, 180 Sou. 33, wherein it was said:

"There has in times past existed some confusion in the law as to whether or not the doctrine of estoppel could be raised against the State but as to the facts shown here, there seems no doubt that it may be done The State has each year during the eighteen years the amended by-laws have been in effect, through its State Treasurer, who is clothed with power to do so, renewed respondent's license and recognized its right to do business in the State. Under such a state of facts the Attorney General will not be permitted to raise the question. State *ex rel.* Caldwell v. Lincoln Street Railway, *et al.,* 80 Neb. 333, 352, 114 N. W. 422; State v. Bailey, *et al.,* 19 Ind., 452; State *ex rel.* Jordan v. City of Greenwood, 157 Miss. 836, 129 So. 682; State of Iowa v. Carr, 191 Fed. 257. Also recognized in State *ex rel.* Buford v. Pinellas County Power Co., 87 Fla. 243, 100 Sou. 504."

It should be borne in mind, although it may have no controlling effect, that this was not a suit instituted by the Comptroller to enforce the claim of the State but was a suit by a taxpayer to enjoin the enforcement of a warrant which had been issued by the Comptroller under statutory authority, which warrant was for the purpose of enforcing a claim on taxes and penalties and as the statute here involved abolished or abated the claim, the power to enforce it no longer exists. See P. & A. R. R. Co. v. State, *supra.*

Our conclusion is that the Act in question is retroactive and that this enactment was the valid exercise of legislative

power and, that therefore, the order appealed from should be affirmed. It is so ordered.

TERRELL, C. J., and WHITFIELD, J., concur.

BROWN, J., concurs in conclusion.

THOMAS and CHAPMAN, J. J., dissent.