SHANNON, Judge.
The deceased was killed in a motor vehicle accident in Florida with an uninsured motorist. The executors of the deceased’s estate made a demand against the appellant, the deceased’s insurer, for damages under the uninsured motorist provision of the insurance policy. Being unable to negotiate a settlement, the parties sub *12 mitted the issue to arbitration pursuant to the terms of the policy. The appellant insurer then filed suit in the circuit court to vacate, modify or correct the arbitration award, and attempted to obtain service of process on the nonresident appellees under Fla.Stat., Secs. 47.29 and 47.30, F.S.A., the nonresident motorist statutes. The circuit court granted a motion to quash service of process and dismissed the action. This interlocutory appeal ensued. The appellant, apparently in doubt as to which course to pursue, also filed notice of a full appeal on this same question. Subsequently the appellant moved that the two appeals be consolidated and considered as one interlocutory appeal. The court granted this motion so the full appeal is hereby dismissed.
Fla.Stat, Sec. 57.26, F.S.A., part of the Florida Arbitration Code, provides that notice of an application for a court order in arbitration cases shall be served in the same manner as service of summons in an action. Fla.Stat., Sec. 47.29, F.S.A., provides generally that a nonresident who operates a motor vehicle in Florida designates the secretary of state as his agent for service of process "in any civil suit or proceeding instituted in the courts of the state against such operator or owner, lessee or other person entitled to control of such motor vehicle, arising out of or by reason of any accident or collision occurring within the state in which such motor vehicle is involved.” (Emphasis added). And “If any person upon whom service of process is authorized by subsection (1) shall die, service shall be made upon his administrator, executor, curator or personal representative in the manner prescribed by § 47.30.”
Since the present dispute is between an insured and his own insurer, it is certainly an unusual case for utilizing the provisions of Fla.Stat., Sec. 47.29, F. S.A. However, the language of the statute, particularly that which is emphasized above, clearly encompasses this situation. The procedure to vacate, modify or correct the arbitration award is a civil proceeding. See Lee v. Lang, 1939, 140 Fla. 782, 192 So. 490, for definitions of the word “civil.” Furthermore, this dispute arose out of an accident or collision occurring within the state.. The statute also provides that where the nonresident has died, service of process shall be made in this manner upon his personal representative.
Although this is not the typical situation in which jurisdiction is obtained under Fla. Stat., Sec. 47.29, F.S.A., the provisions of this statute clearly include the present case. The lower court erred in quashing the service of process and dismissing for lack of jurisdiction.
Reversed.
ALLEN, Acting C. J„ and DURDEN, WILLIAM L., Associate Judge, concur.