## East Tennessee Telephone Co. v. Board of Councilmen of the City of Frankfort.

(Decided January 17, 1911.)

Appeal from Franklin Circuit Court.

1.  Telephones—Erection—Resolutions of City—Absence of City Ordinance—Acquiescence of City—Validity.—On April 11th, 1881, the City Council of Frankfort adopted a resolution for permission of the ——————— Telephone Company to erect telephone poles on different streets in the city and to carry it across the City Bridge. On this authority the Telephone Co. erected its poles, established an exchange · and began business on January 16th, 1881. On July 28th, 1887, it sold out to the East Tennessee Telephone Co. of Ky., a corporation organized under the laws of this State. It is now insisted for the city that the resolution of April 11th, 1881, is void because the permission is granted to ——————— Telephone Co., and because given by resolution and not by ordinance. Held, that the grantee having taken possession under the resolution and held it for a number of years with the acquiescence of the city the objection to the form of the resolution now comes too late.

2.  Rights—Assignable—Assent Inferred.—For the same reason no objection can now be made on the ground that the right granted was not assignable. The assignee having held under the resolution for more than 20 years by acquiescence of the city, cannot

now object that the right was not assignable. Assent may be inferred as conclusively from subsequent conduct as from expressed evidence of a prior consent.

3. License—Withdrawal by Grantor—Construction of Resolution.— One who takes under a license, although he may spend money on it, makes the investment with the knowledge that the license may be withdrawn by the grantor. The resolution of a municipal council will not be extended beyond the fair meaning of the words used, and made to include things to the detriment of the public not fairly within the language used.

4. Revocation of License—Notice—New Franchise.—While the council may revoke its permission it can only do so where, as here, extensive improvements have been made upon the faith of it, upon reasonable notice, giving the grantee a reasonable opportunity to remove his property from the premises or to acquire a new franchise.

5. Liability of Grantor—Doing Business Without License—The grantor being rightfully in possession cannot be fined for doing business without buying a franchise or for charging more for its phones than is allowed to a purchaser of such a franchise, and 90 days is a reasonable notice under the circumstances.

IRA JULIAN for appellant.

SCOTT & HAMILTON, G. H. BRIGGS, and T. HITER CROCKETT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

The East Tennessee Telephone Company, through its agent C. E. Taylor, desiring to go into business in Frankfort, applied to the council, which on April 11, 1881, adopted the following resolution:

"The petition of Mr. C. E. Taylor, for permission to the ————— Telephone Company, to erect telephone poles on different streets of the city and to carry it across the city bridge, was presented and granted."

Under this authority the Telephone Company erected its poles, established a telephone exchange, and begun business on June 16, 1881. On July 28, 1887, it sold out to the East Tennessee Telephone Company of Kentucky, a corporation organized under the laws of this State; and this corporation has continued the business from that time to this. In the year 1909 a dispute arose between the company and the city as to the rights of the company. The city on May 23d passed an ordinance providing that no telephone company should be allowed to do business in the city of Frankfort without first obtaining a fran-

chise in accordance with the ordinance passed April 27th and May 3d, 1909; and that any telephone company doing business in violation of the ordinance should be fined not exceeding $100, each day to be deemed a separate offense. On June 13th it passed another ordinance providing that if any telephone company charged a larger rental than as set out in the ordinance passed April 27th and May 3d, 1909, it should be deemed guilty of a misdemeanor and fined not less than $5 nor more than $20 for each offense. The East Tennessee Telephone Company had not obtained a franchise in accordance with the ordinance passed April 27th and May 3d, 1909, and was charging for its telephones a larger rental than allowed by that ordinance. On October 3, 1910, at the direction of the mayor, a number of prosecutions were begun in the city police court against the telephone company for the violation of the penal ordinances of May 23d and June 13th. Thereupon the telephone company brought this suit against the city to enjoin the prosecutions. The circuit court on final hearing dismissed the petition, and the telephone company appeals.

It is insisted for the city that the resolution of April 11, 1881, is void because the permission is granted to ———— Telephone Company, and because the permission was given by resolution and not by ordinance. It is also insisted that the rights given were not assignable. There would be more force in the objection that the telephone company is not named in the resolution if the resolution had not been executed. But the grantee having taken possession under the resolution, and having held for a number of years with the acquiescence of the city the objection of the form of the resolution now comes too late. Thus in Fletcher v. Manser, 5 Ind., 267, a deed was executed and delivered to ———— Barratt, and the grantee took possession. The court said:

"The deed was delivered by the grantor to Barratt, with the intention of vesting in him the legal title, and no doubt that was its effect. Though the deed wanted his christian name, and on that account might be considered ambiguous, still that was an ambiguity that could have been supplied by proof aliunde."

In like manner where a tract of land was not described sufficiently in the writing, but the grantee took possession, it was held by this court that though the written memorial was void for uncertainty, when first executed, the impediment had been removed by the subsequent acts of both parties. (Overstreet v. Rice, 4

Bush, 1. See also Morse v. Carpenter, 19 Vermont, 613; Preachers Aid Society v. England, 106 Ill., 125, and cases cited.) For the same reason no objection can now be made on the ground that the right granted by the resolution was not assignable. The assignee has held under the resolution for more than twenty years without objection from the city. The city having acquiesced all these years cannot now object that the right was not assignable. Assent may be inferred as conclusively from subsequent conduct as from express evidence of a prior consent.

We have examined with care the city charter in force in 1881, and do not find that it required an ordinance to be passed differently from a resolution, or that any form was prescribed as to the grant of rights of this sort. The city council was given the control of the subject, and its assent on its records by resolution was as effective as an ordinance.

It is insisted for the telephone company that the rights given by the resolution after being accepted and acted upon, cannot be impaired by any subsequent action of the council, and that the franchise or privilege being without limitation as to time, is perpetual. But it will be observed that the resolution of April 11th, 1881, does not purport to grant a franchise. It only grants permission to the telephone company to use the streets. A permission is no more than a license; and as a rule a license may be withdrawn by the party who grants it. Taking the resolution of April 11, 1881, as a whole we are satisfied it was not intended as a grant of a franchise, but only as a grant of a license; for no rights are given the telephone company except a bare permission to do certain things. He who takes under a license, although he may spend money upon it, makes the investment with the knowledge that the license may be withdrawn by the grantor. The resolution of a municipal council will not be extended beyond the fair meaning of the words used, and so made to include things to the detriment of the public not fairly within the language used. But while the council may revoke its permission it can only do so where as here extensive improvements have been made upon the faith of it, upon reasonable notice, giving the grantee a reasonable opportunity to remove his property from the premises, or to acquire a new franchise. The counsel has not as yet revoked the permission and until it is revoked, the grantee is rightfully in possession, and cannot be fined for doing business without buying a

franchise or for charging more for its phones than is allowed to a purchaser of such a franchise. Ninety days is a reasonable notice under the circumstances. The council may by ordinance or resolution revoke the permission granted by the resolution of April 11, 1881, making the revocation to take effect in ninety days and giving the telephone company notice of its action. If the telephone company continues to do business after ninety days' notice of the revocation, it may then be proceeded against under the ordinance of May 23, 1910, but it should have ninety days' time either to obtain a franchise or to move its property from the streets. (25 Cyc. 650.)

Judgment reversed, and cause remanded for a judgment and further proceedings consistent herewith.