## Postal Telegraph Cable Company v. City of Newport.

(Decided October 13, 1914.)

Appeal from Campbell Circuit Court.

1. Municipal Corporations—Right of Telegraph Company that has Accepted Federal Legislation to Use of Streets.—The Congressional legislation of 1866, conferring upon telegraph companies certain privileges, did not take from a city the right to charge a telegraph company for using its streets a reasonable compensation.

2. Municipal Corporations—License to Public Service Company to Use Streets.—Where a city passed an ordinance giving to a telegraph company the right to use its streets upon the payment of a fixed annual sum, the company, in accepting the ordinance, only obtained the right for the stipulated compensation to occupy the streets until such time as the city might see proper to revoke the license, but must pay the stipulated compensation so long

as it uses the streets under the license. The license was revocable by the city at any time upon reasonable notice and conditions.

3. **Constitutional Law—Equal Protection of the Law—Classification.**—The equal protection clause of the Federal Constitution is not violated unless there has been exacted from the complaining party a charge not imposed on others who acquired their rights in substantially the same manner as the complaining party. It is not enough that the complaining party and the other parties are engaged in substantially the same character of business. The business must be pursued under a like grant. Cities have a right to make reasonable classifications of grants and privileges and to attach dissimilar conditions and to impose dissimilar burdens upon each class.

4. **Limitation of Actions—Municipal Corporations—License Tax.**—The limitation provided for in section 2515 of the Kentucky Statutes, that an action upon a contract not in writing shall be commenced within five years after the cause of action accrued, applies to a municipal corporation seeking to recover a license tax for the use of the streets, the use being granted to a company under an ordinance the provisions of which were impliedly accepted by the company not in writing, but by its use of the streets.

MORRISON R. WAITE, T. P. CAROTHERS and JOHN R. SCHINDEL for appellant.

OTTO WOLFF for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In 1895 the council of the city of Newport adopted an ordinance granting to the Postal Telegraph Cable Company, and its successors, the right and privilege of erecting poles and stretching wires through the streets and alleys of the city of Newport.

The ordinance contains several sections defining the rights of the city and the company that it is not necessary to here notice, and further provided: "Nor shall anything in this ordinance be construed as granting a franchise to the said Postal Telegraph Cable Company."

In section seven it was provided that "The said Postal Telegraph Cable Company shall pay to the city of Newport a special license tax of one hundred dollars per annum."

In 1899 the city brought suit against the Cable Company to recover the one hundred dollar license tax for the years 1897 and 1898, and from a judgment awarding it this sum, the Cable Company prosecuted an appeal to this court, where the judgment of the lower court was

affirmed in an opinion that may be found in 25 Ky. L. R., 635.

In 1897 the Cable Company, which it appears was a New York corporation, sold and conveyed its property in the State of Kentucky, including all rights and interests it had in the city of Newport, to the Commercial Cable Company, another New York corporation. In 1898 the Commercial Cable Company sold and conveyed all of its property, rights and privileges to the Commercial Cable & Telegraph Company, also a New York corporation. In December, 1900, this company sold its property, rights and privileges to the appellant, which is a Kentucky corporation; and since then it has owned, operated and controlled the poles, wires and other property of its predecessors in the city of Newport and occupied the streets and public ways of the city under the ordinance referred to.

In 1908 this suit was brought seeking to recover from the original grantee under the ordinance, the Postal Telegraph Cable Company of New York, the special annual license tax of one hundred dollars for the years 1899 to 1907, inclusive, but by an amended petition the present appellant was made a defendant and the case against the New York corporation dismissed.

In this suit the appellant set up a number of defenses, and after the case had been submitted on the pleadings and exhibits, there was a judgment against it for the license tax due for the years 1903 to 1907, inclusive. As to the other years, the plea of limitation interposed by the Cable Company was sustained and a recovery for the license tax for those years denied.

From the judgment against it for five hundred dollars for the license tax for the years named, the Cable Company appeals, and from the judgment dismissing its petition seeking to recover the license tax for the preceding five years, the city prosecutes a cross-appeal.

It is first insisted that the ordinance bestowed no rights on the Telegraph Company and is void. The argument in support of this proposition is that the acceptance by the Postal Telegraph Cable Company, of New York, of the Congressional legislation of 1866 conferred upon it the right granted by the Federal Government to erect its poles and string its wires in the city of Newport and elsewhere in the country without asking the consent of any city it might desire to operate in.

This Congressional legislation, however, did not take from the city the right to charge a telegraph company for using its streets a reasonable compensation in the way of a license fee or occupation tax. It was expressly so held in City of St. Louis v. Western Union Telegraph Co., 148 U. S., 92, 37 L. Ed., 380. In that case the Western Union resisted the right of the city of St. Louis to charge it five dollars per annum for each pole it erected in the city, upon the ground that its acceptance of the Congressional legislation referred to entitled it to the use of the streets without compensation; but the court said that notwithstanding this legislation the city had authority to charge for the use of its streets and public places. To the same effect is Western Union Tel. Co. v. City of Richmond, 224 U. S., 160, 56 Law Ed., 710. It was also so ruled by this court in the Postal Telegraph Company case, *supra*.

Another contention is that neither the Constitution nor the laws of the State of Kentucky require that a telegraph company shall obtain the consent of a municipality before constructing its lines in the streets of a city. But we do not find it necessary in this case to go into a discussion of this question. The city granted to the Postal Telegraph Cable Company, of New York, and its successors—one of them being the present appellant— the right to occupy with its poles and wires the streets and public ways of the city in consideration of the payment to it by the company of one hundred dollars a year.

Under the authority of the ordinance, the validity or effect of which we will not now stop to consider, the grantee in the ordinance, and its successors, have been occupying the streets and public ways, and it will not now be heard to say, after it has had the use of the streets and public ways under these circumstances, that the city had no authority to grant it this privilege or to exact from it this tax. The city and the company entered into this arrangement. The city has complied with its part of the undertaking, and the company must comply with its part. If the appellant company were now for the first time asserting the right to occupy the streets free from the burden of any license fee or tax for its occupation, we would have before us the question it is sought to raise in this case. But it has been in the possession of the streets since the passage of the ordinance, as we must and do presume, under and by virtue of it,

and should pay for its use and occupation the agreed price.

The ordinance expressly states that it is not to be construed as granting a franchise to the company, and doubtless it was well known that a franchise such as is contemplated and required by the Constitution could not be secured in this way. In accepting the use of the streets under this ordinance, the company merely obtained the right, for the stipulated compensation, to occupy the streets until such time as the city might see proper to revoke the license. But so long as the company occupies the streets under the license it must pay the agreed price.

The compensation provided by the ordinance is not a license tax upon the right of the company to do business in the city, but merely a charge against the company for the use of the streets with its poles and wires. The principles announced in the cases of the Cumberland Telephone & Telegraph Co. v. Hopkins, 121 Ky., 850; Adams Express Co. v. Bolderick, 141 Ky., 111, and Cumberland Telephone & Telegraph Co. v. Calhoun, 151 Ky., 241, have not, as we think, any controlling effect on this case.

Nor is there any merit in the assertion that the present appellant is not obligated to pay this so-called license tax, notwithstanding it was settled in the previous decision that its predecessor was liable for it. The ordinance expressly granted the privilege described in it to the Postal Telegraph Cable Company, of New York, and its successors. The present appellant is the successor of that company and is using the streets in the same manner that its predecessor did. Its predecessor was required by this court to pay the compensation and so should the present appellant pay it. This question we regard as settled by the former decision, as likewise is the contention that the exaction of one hundred dollars per annum for the use of the streets is unreasonable.

The claim is further made that the enforcement of this ordinance denies to the appellant the equal protection of the laws, in contravention of section one of the, Fourteenth Amendment to the Constitution of the United States. Presenting this defense, it averred in its answer: "One or more other telegraph companies have erected and maintained, and were during the years 1899 to 1908, inclusive, and are now maintaining in the city of Newport a system of telegraph poles and lines, and

also one or more telephone companies have used the streets and alleys of the said city for its poles and wires in a manner substantially similar to the system of telegraph poles and lines owned, operated and maintained by the said New York Company and by the defendant in said city, and that none of these companies other than the defendant is subject to the payment of any license tax similar to that attempted to be exacted from the defendant by and under the provisions of the pretended ordinance set out in the petition and for the payment of which this action is brought, and said other telegraph and telephone companies were admitted into the city of Newport and were permitted to erect their poles and lines in the streets and alleys of the city of Newport without being compelled or required and without agreeing, either before, or at the time of said admissions or since, to pay or make any compensation whatsoever to said city by way of rental, license or otherwise.''

It would appear from the ordinance that it was adopted by the council pursuant to some arrangement or understanding made between the council and the company, but however this may be the authority conferred by the ordinance was a mere license revocable by the city at any time upon reasonable notice and conditions. It did not obligate the city to grant the use of its streets and public ways to the company for any specified period, or oblige the company to pay the stipulated compensation for any longer time than it chose to accept the rights granted by the ordinance.

There is no averment in the answer that any other telegraph company is occupying the streets of Newport under a grant like the one conferred by this ordinance. Other companies may be using, as averred in the answer, ''the streets and alleys of the said city with its poles and wires in a manner substantially similar to the system of telegraph poles and lines owned, operated and maintained by the defendant;'' but this falls far short of saying that any of these companies are so occupying the streets under an ordinance like the one here in question. It is also possible, although it does not appear in the record, that other telegraph companies occupying the streets, acquired the right to do so before the adoption of the present Constitution. It is also probable that other telegraph companies are occupying the streets under authority of franchises purchased from the city pursuant to the present Constitution.

Cities may, under dissimilar grants, confer dissimilar rights and privileges, and a corporation accepting a privilege under one grant can not complain that other corporations are occupying the streets under different grants that imposed other conditions. The equal protection clause of the Federal Constitution is not violated unless there has been exacted from the complaining party a charge or compensation not imposed on other persons who acquired their rights in substantially the same manner as the complaining party. It is not enough that the complaining party and the other parties are engaged in substantially the same character of business. The business must be pursued under a like grant. In other words, all the conditions and circumstances surrounding the grant, as well as its exercise, must be substantially the same.

Cities have a right to make reasonable classifications of grants and privileges, and have a right to attach dissimilar conditions and impose dissimilar burdens upon each class. It is only when different burdens are imposed upon persons in the same class, holding under the same or similar grants, that there will be a violation of the equal protection feature of the Federal Constitution. When classification is allowable the discrimination must exist in the class to which the particular grant or privilege applies and be an attempt to impose upon the complaining party in that class burdens that are not imposed upon others in that particular class, and we find no such state of case developed in the record. Hayes v. Missouri, 120 U. S., 68, 30 Law Ed., 578; Gulf R. R. v. Ellis, 165 U. S., 148, 41 Law Ed., 666; Southern R. Co. v. Greene, 216 U. S., 400, 54 Law Ed., 536.

Really, so far as the original appeal in this case is concerned, we might have contented ourselves by merely a reference to and an adoption of the opinion in the former case, as we regard every material question in this case as settled by that. But having again briefly outlined the reasons upon which an affirmance of the original appeal may be rested, we wish to make it plain that we put our decision upon the ground that as the cable company accepted whatever rights the ordinance conferred, it must pay the stipulated compensation so long as it chooses to or is permitted to avail itself of the right to occupy the streets under the ordinance.

Coming now to consider the cross-appeal, we think the five year statute of limitation applies. Section 2515

of the Kentucky Statutes reads in part: "An action upon a contract not in writing, signed by the party, express or implied, * * * shall be commenced within five years next after the cause of action accrued."

If this statute is applicable to municipalities, it clearly controls this case, because the liability of the cable company arises upon an implied contract not in writing to pay a stipulated compensation. If this were a contract between individuals or private corporations, there could of course be no doubt about the correctness of this proposition, but it is argued by counsel for the city that a different rule should obtain where a municipal corporation is involved; or, in other words, that the statute of limitation has no applicability to municipal corporations.

We do not, however, find in the statute any suggestion looking toward the exemption of municipal corporations from its operation. In fact there is no mention of municipal corporations in the statute, except in section 2546, which is confined to actions for the recovery of streets and public ways. It is, however, provided in section 2523 that "The limitations prescribed in this chapter shall apply to actions brought by or in the name of the Commonwealth, in the same manner as to actions by private persons, except where a different time is prescribed by some other chapter in this revision."

A municipality being a mere political sub-division of the State, it would seem to follow by analogy as well as implication that the limitations prescribed should apply to municipalities except where a different time was prescribed. It will be observed that this action on the part of the city is simply for the recovery of money on an implied contract, and we do not find any authority, statutory or otherwise, that would exempt it from the operation of the statute cited. Dillon Municipal Corporations, 4th Edition, section 675; Metropolitan Railroad Co. v. District of Columbia, 132 U. S., 1, 33 L. Ed., 231.

Wherefore, the judgment is affirmed on the original and cross-appeal.