## Bastin Telephone Company v. Mount, et al.

(Decided May 29, 1917.)

### Appeal from Garrard Circuit Court.

Telegraphs and Telephones—Change in Telephone Rates—Injunction.—Where a telephone company does not acquire a valid franchise from the city, but enters upon its streets and establishes a telephone exchange under and by virtue of a contract, by which it agrees to render telephone service at a rate not exceeding $1.00 per month, an injunction will lie at the instance of the citizens of the city and patrons of the company to compel it to maintain the contract rates so long as it continues to occupy the streets of the city and operate the exchange, although the city may revoke the license and the company itself may withdraw from the city and abandon the service at any time upon reasonable notice.

L. L. WALKER and HAZELWOOD & JOHNSON for appellant.

J. E. ROBINSON, H. C. KAUFFMAN, G. B. SWINEBROAD and G. C. WALKER for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This is a suit by the city of Lancaster and J. R. Mount and others, citizens thereof and patrons of the Bastin Telephone Company, to enjoin that company from raising his telephone rates, and to compel it to render telephone service at $1.00 per month so long as it operates its exchange in said city. Plaintiffs were granted the relief prayed for, and defendant appeals.

It appears that in the month of March, 1897, the privilege of establishing a telephone exchange in the city of Lancaster was granted to Dr. J. B. Kinnaird, but, by mistake, the order of the council granting the privilege was not entered of record until April 5, 1899. After installing and operating a small exchange for a short time, Dr. Kinnaird transferred his privilege to A. H. Bastin, who subsequently organized the Bastin Telephone Company. On March 17, 1902, the city of Lancaster and the Bastin Telephone Company entered into a contract, by which the company obligated itself to furnish telephone service to the citizens and residents of Lancaster at a rate not to exceed $1.00 per month for each telephone. It was further agreed that the citizens and business men of Garrard county outside of the city limits should have service at

the same rate. Acting under the authority of this contract, the telephone company has built a large and efficient exchange and now has in use about 600 telephones and a plant worth $30,000.00 or $40,000.00. It recently increased its rates above those fixed by the contract. According to its answer, it is now operating the exchange at a loss and cannot maintain the service heretofore given unless its rates be increased. In granting the privilege to install and operate the exchange the city did not comply with section 164 of the constitution, by a public sale of the franchise to the highest and best bidder after due advertisement. It is, therefore, conceded that the defendant has no valid franchise, but a mere license, which may be revoked after reasonable notice. Cumberland Tel. & Tel. Co. v. City of Hickman, 129 Ky. 220, 111 S. W. 311; Nicholasville, &c., v. Board of Councilmen, 18 R. 592, 36 S. W. 549, 38 S. W. 430; Cumberland Tel. & Tel. Co. v. City of Calhoun, 151 Ky. 241, 151 S. W. 659; East Tennessee Tel. Co. v. Board of Councilmen of City of Frankfort, 141 Ky. 588, 133 S. W. 564. Since the alleged franchise is absolutely void, it is argued that the contract between the city and the company is invalid for every purpose, and if not binding on the city is not binding on the company. It must not be forgotten, however, that, although the city has the right, upon reasonable notice, to withdraw defendant's privilege, and the defendant has the corresponding right to discontinue the operation of the exchange, neither party has taken any steps looking in that direction. On the contrary, the defendant is actually enjoying the privilege of operating a telephone exchange in the city under a license which has never been revoked. Under these circumstances, we conclude it cannot enjoy the privilege and at the same time repudiate the conditions under which that privilege is enjoyed. Having entered the city, occupied its streets, and constructed its exchange under an agreement to furnish telephone service at a rate not exceeding $1.00 per month, it will be required to maintain the rate so fixed so long as it continues to furnish such service. Postal Telegraph Co. v. City of Newport, 160 Ky. 244, 169 S. W. 700; Cumberland Tel. & Tel. Co. v. City of Calhoun, *supra.*

Judgment affirmed.