DREW COUNTY BANK & TRUST COMPANY *v.* SORBEN.

Opinion delivered June 2, 1930.

*Williamson & Williamson,* for appellant.

*A. J. Johnson,* for appellees.

HUMPHREYS, J. The question presented for determination by this appeal is whether appellant's mortgage for $400 executed to it on January 4, 1927, by L. M. Stratton and E. C. Stratton on the south half, southeast quarter, section 21, and the southeast quarter, southwest quarter, section 22, all in township 10 south, range 7 west, in Lincoln County, Arkansas, containing 120 acres of land, is paramount to appellees' mortgage executed to them on the 25th day of March, 1925, for $405.39 by the same mortgagees on the south half, southeast quarter, section 21 and southwest quarter, southwest quarter, section 22 in said township and county, containing 120 acres.

Appellant's mortgage was acknowledged in statutory form and filed for record on January 6, 1927; and appellees' mortgage was not acknowledged in statutory form, but notwithstanding was filed for record on November 7, 1925.

The trial court ruled that appellees' mortgage lien was superior to that of appellant's on all the land described in appellees' mortgage, because their mortgage was filed for record prior to appellant's mortgage. This ruling of the court would have been correct, had appellees' mortgage been acknowledged in accordance with the statute in Arkansas governing acknowledgments. The acknowledgment, however, was fatally defective because it failed to state that the mortgage was executed "for the consideration and purposes therein mentioned and set forth," as required by § 1521 of Crawford & Moses' Digest. In construing said section of the statute, this court said, in the cases of *Johnson* v. *Godden,* 33 Ark. 600, and *Wright* v. *Graham,* 42 Ark. 141, that the words "consideration" and "purposes," or words of similar import, are material and must appear in an acknowledgment in order to give any validity to an instrument for the conveyance

of real estate as far as third parties are concerned. A mortgage of real estate is not entitled to record under § 7380 of Crawford & Moses' Digest until properly acknowledged, and, when properly acknowledged, does not become a lien under § 7381 of Crawford & Moses' Digest on the mortgaged real estate as to third parties until filed in the recorder's office for record in the county where the real estate is situated. According to the statute, the lien attaches to the real estate described in the mortgage at the time of filing, and thenceforth is notice to all persons of the existence of such mortgage.

In the instant case the record reflects that appellees' mortgage was insufficiently acknowledged because the acknowledgment omitted the words "consideration" and "purposes," or words of similar import and, on account of the fatal defect in the acknowledgment, was illegally admitted to record. The record thereof constituted no notice to third parties of the existence of the mortgage. Appellant's mortgage, under the statutes and decisions referred to, was and is paramount to appellees' mortgage, although executed and filed for record subsequent to appellees' mortgage, so far as the mortgages cover the same real estate. Both mortgages cover the eighty-acre tract described as the south half, southeast quarter section 21, township 10 south, range 7 west, in said county, but do not cover the same forty-acre tract. As to the eighty-acre tract appellant's mortgage was and is paramount to that of appellees' mortgage; as to the forty-acre tract described in appellees' mortgage as the southwest quarter, southwest quarter, in said section, township and range and not described at all in appellant's mortgage, appellees' mortgage lien was and is paramount to appellant's. The reason is that as to the forty-acre tract appellant gained no priority of lien over appellees by reason of recording its mortgage. It had no mortgage lien on said forty-acre tract and obtained none by recording its mortgage. It is true that the record reflects that the intention was to include the southwest quarter, south-

west quarter, of said section, township and range, but such intention did not avail to establish precedence between mortgages that gained precedence under the statute by virtue of priority in filing same for record. The issue as to priority of the mortgages was joined and the rights of the parties fixed before an attempt was made to reform appellant's mortgage so as to correctly describe the forty-acre tract in question. Even a reformation of appellant's mortgage would not relate back to the date same was recorded so as to bind or affect third parties. It follows that the decree must be reversed in so far as it declares appellees' mortgage lien paramount to appellant's on the south half, southeast quarter, of said section, township and range and remanded with directions to declare appellant's lien paramount to appellees' on said eighty-acre tract, which is accordingly done. In all other respects the decree is affirmed.