McKim *v.* Highway Iron Products Company.

Opinion delivered June 30, 1930.

*R. W. Robins* and *Opie Rogers,* for appellant.

*J. C. & Wm. J. Clark,* for appellee.

Humphreys, J. Appellant brought this suit in the nature of an equitable garnishment against appellees in the chancery court of Faulkner County making a judgment he obtained in the year 1925 in the circuit court of Van Buren County against the Highway Iron Products Company the basis of the action to impound the amount of $1,530 due from Faulkner County to said Highway Iron Products Company for bridge material, and to have same applied toward the payment of his judgment. It was alleged that the Highway Iron Products Company was a foreign corporation, and had no property in Arkansas out of which to collect his judgment except the claim Faulkner County owed it. Appellant prayed that W. M. Harper, county judge, and A. H. Burkitt, county clerk, be enjoined from issuing a warrant for said claim to the Highway Iron Products Company, and that the proceeds thereof be impounded and applied to the payment of his judgment.

The Highway Iron Products Company made no defense of any kind, but Isaac Weil and Abraham Weil, partners doing business as Weil Brothers, filed an intervention claiming an assignment of the claim from the Highway Iron Products Company to them before appel-

lant impounded the proceeds thereof, in part payment of a debt which it owed them.

The issues joined as to whether there was a *bona fide* assignment of the claim by the Highway Iron Products Company to the interveners, and whether the transfer thereof met the requirements of the law, were submitted to the court upon the testimony adduced which resulted in a decree dismissing appellant's complaint for the want of equity, from which is this appeal.

The trial court found that the Highway Iron Products Company assigned its claim against Faulkner County for the bridge material to the interveners on July 6, 1928, in part payment of a mortgage which it owed them, and, after a very careful reading of the testimony, we are unable to say that the finding for them was contrary to a clear preponderance of the evidence. This disposes of the first issue.

This brings us to a consideration and determination of the issue of whether the assignment was valid as against appellant. The assignment of the claim was in the form of an indorsement upon the invoice of the bridge material, and recited that for value received the same was assigned to Weil Brothers of Fort Wayne, Indiana; the indorsement being signed by C. V. Joseph, president of the Highway Iron Products Company. The claim against the county had been filed by the Highway Iron Products Company before it was assigned to the intervener. The filing of the claim against the county was the commencement of an action thereon. It was said by this court in the case of *Jefferson County* v. *Philpot*, 66 Ark. 243, that: "The filing of a demand against a county and presenting it to the county court is therefore, according to the various definitions given, the institution of a suit or action, no other pleading or proceeding for that purpose being required."

Appellant contends that the assignment of the claim did not meet the requirements of § 6303 of Crawford & Moses' Digest, and, on account of a failure to do so, was

not a valid transfer of a pending action, so as to prevent him from impounding the proceeds of the claim and having same applied to the payment of his judgment. The statute invoked by him is as follows:

"§ 6303. The sale of a judgment or any part thereof of any court of record within this State, or the sale of any cause of action, or interest therein after suit, has been filed thereon, shall be evidenced by a written transfer, which, when acknowledged in the manner and form required by law, may be filed with the papers of such suit, and, when thus filed by the clerk, it shall be his duty to make a minute of said transfer on the margin of the record of the court where such judgment of said court is recorded, or if the judgment be not rendered when said transfer is filed, the clerk shall make a minute of such transfer on the docket of the court where the suit is entered, giving briefly the substance thereof, for which services he shall be entitled to a fee of twenty-five cents, to be paid by the party applying therefor; and this act shall apply to any and all judgments, suits, claims and causes of action, whether assignable in law and equity or not. When said transfer is duly acknowledged, filed and noted as aforesaid, the same shall be full notice and valid and binding upon all persons subsequently dealing with reference to said cause of action or judgment, whether they have actual knowledge of such transfer or not."

The statute is in derogation of the common law, and a strict compliance therewith is necessary in order to obtain protection against persons subsequently dealing with reference to a cause of action. The interveners did not attempt to comply with the statute, but their failure to do so did not render the assignment invalid, so far as appellant is concerned. The assignment was valid as between the parties thereto, and appellant, being a garnisher, occupied the position of his debtor, the Highway Iron Products Company, who was the assignor of the cause of action. As he was not a purchaser of the claim of the cause of action for value, he must be regarded and

treated as a party to the assignment, and did not take the debt as against the interveners, who were prior assignees thereof for value. *Market National Bank of Cincinnati* v. *Raspberry,* 34 Okla. 243.

No error appearing, the decree is affirmed.