4-7663·                                    187 S. W. 2d 722

Opinion delivered May 28, 1945.

*W. R. Donham, N. A. McDaniel* and *Charles W. Mehaffy,* for appellant.

*Kenneth C. Coffelt,* for appellee.

HOLT, J.   December 6, 1940, James E. Carter obtained a judgment in the amount of $2,500 against the Capital Transportation Company, one of the appellants herein.   W. R. Donham and N. A. McDaniel were his attorneys.   May 11, 1942, the judgment was affirmed by this court.

December 12, 1941, James E. Carter executed his note in favor of appellee, Mrs. Jewell Davis, in the amount of $450, and on the same date, as security for said note, executed a written instrument in which he attempted to assign a part of his interest in the above judgment, in the amount of $450, in favor of Mrs. Davis, appellee. This instrument was signed and sworn to as follows: "James E. Carter, Assignor. Subscribed and sworn to before me this 12 day of Dec., 1941. L. A. Mashburn, County Clerk. (Seal) My commission expires the 31 day of Dec., 1942." This instrument was filed with the Saline circuit clerk with the papers in the case of *James E. Carter* v. *Capital Transportation Company, supra,* and on the back thereof contained the following filing notation: "Filed April 29, 1942, Leo Harzfeld, Chan. Clerk." Thereafter, the clerk entered on the margin of the judgment record opposite the Carter judgment, the following: "$450.00 was assigned to Mrs. Jewell Davis as security for a note made by J. E. Carter to Mrs. Jewell Davis 12-12-41." June 10, 1942, following, appellant transportation company paid the amount of the Carter judgment to his attorneys, Judge Donham and Mr. McDaniel, and they, after deducting their fees, paid over to Mr. Carter, the remainder. Appellee, Mrs. Davis, was paid nothing out of the judgment.

November 11, 1943, Mrs. Davis sued the Capital Transportation Company on the alleged assignment, *supra,* and sought to recover $450 together with attorneys' fees and cost. Appellant transportation company filed cross-complaint, alleged payment of the judgment, and prayed that W. R. Donham and N. A. McDaniel be made parties defendants and "that an order issue out of this court directing the said Nathan McDaniel and W. R. Donham to satisfy the plaintiff herein in full, or in the alternative defendant prays that if plaintiff herein obtain a judgment against the defendant herein in the sum of $450, or any part thereof, the defendant, Capital Transportation Company, have judgment against the cross-defendants, Nathan McDaniel and W. R. Donham, in whatever amount that this court may adjudge the de-

fendant, Capital Transportation Company, is indebted to the plaintiff herein, etc."

Appellee in response to a motion to make more definite and certain, filed an amendment to her complaint, in which she alleged "The notice to the defendant of her lien on the judgment upon which she relies to recover in this case, is the notice given by the filing of the assignment with the circuit clerk of Saline county, Arkansas, and by the notation on judgment record book 'E' at page 62 of such assignment being filed."

Appellants filed demurrers which were overruled. They then answered with a general denial and specifically alleged that the purported assignment was not acknowledged, could not be recorded, and that they had had no notice whatever of said assignment.

Upon a trial, a jury having been waived, the court found the issues in favor of appellee and entered judgment against appellants. This appeal followed.

For reversal, appellants contend that the alleged assignment was not acknowledged as the law required, could not be recorded, and was not notice to them. We think appellants are correct in this contention. The facts are not disputed. There is no evidence that appellants had actual notice of the alleged assignment, and unless the filing of this instrument, and noting it of record, constituted legal notice, they cannot be held liable.

We have a statute (§ 8259, Pope's Digest) providing for the assignment of a judgment or any part thereof, which is as follows: "The sale of a judgment or any part thereof of any court of record within this State, or the sale of any cause of action, or interest therein, after suit has been filed thereon, shall be evidenced by a written transfer, which, when acknowledged in the manner and form required by law for the acknowledgment of deeds, may be filed with the papers of such suit, and, when thus filed by the clerk, it shall be his duty to make a minute of said transfer on the margin of the record of the court where such judgment of said court is recorded, or if judgment be not rendered when said trans-

fer is filed, the clerk shall make a minute of such transfer on the docket of the court where suit is entered, giving briefly the substance thereof, for which services he shall be entitled to a fee of twenty-five cents, to be paid by the party applying therefor; and this act shall apply to any and all judgments, suits, claims and causes of action, whether assignable in law and equity or not. When said transfer is duly acknowledged, filed and noted as aforesaid, the same shall be full notice and valid and binding upon all persons subsequently dealing with reference to said cause of action or judgment, whether they have actual knowledge of such transfer or not."

We held in *McKim* v. *Highway Iron Products Company*, 181 Ark. 1121, 29 S. W. 2d 682, that there must be a strict compliance with this provision of the statute. There we said: "The statute (now § 8259 of Pope's Digest) is in derogation of the common law, and a strict compliance therewith is necessary in order to obtain protection against persons subsequently dealing with reference to a cause of action."

It will be noted that the statute in simple, plain terms requires that the assignment of any part of a judgment must be "evidenced by a written transfer, which, when acknowledged in the manner and form required by law for the acknowledgment of deeds, may be filed with the papers of such suit, etc.," and not until such assignment "is duly acknowledged, filed and noted as aforesaid," shall it be "full notice and valid and binding upon all persons subsequently dealing with reference to said cause of action or judgment, whether they have actual knowledge of such transfer or not."

As to what the acknowledgment of a deed must contain, § 1830 of Pope's Digest provides: "The acknowledgment of deeds and instruments of writing for the conveyance of real estate, or whereby such real estate is to be affected in law or equity, shall be by the grantor appearing in person before such court or officer having authority by law to take such acknowledgment, and stating that he had executed the same for the consideration and purposes therein mentioned and set forth," and

there is provided in § 1835 of Pope's Digest: "All deeds and other instruments in writing for the conveyance of any real estate, or by which any real estate may be affected in law or equity, shall be proved or duly acknowledged in conformity with the provisions of this act before they or any of them shall be admitted to record."

This court has consistently held that an acknowledgment of a deed or other instrument in writing, which does not contain words to the effect that the grantor "had executed the same for the consideration and purposes therein mentioned and set forth" is fatally defective and could not be admitted to record. In *Drew County Bank & Trust Company* v. *Sorben,* 181 Ark. 943, 28 S. W. 2d 730, this court said: "The acknowledgment, however, was fatally defective because it failed to state that the mortgage was executed 'for the consideration and purposes therein mentioned and set forth,' as required by § 1521 of Crawford & Moses' Digest (now § 1830 of Pope's Digest). In construing said section of the statute, this court said, in the cases of *Johnson* v. *Godden,* 33 Ark. 600, and *Wright* v. *Graham,* 42 Ark. 140, that the words 'consideration' and 'purposes,' or words of similar import, are material and must appear in an acknowledgment in order to give any validity to an instrument for the conveyance of real estate as far as third parties are concerned." See, also, *Straub* v. *Capps,* 178 Ark. 709, 13 S. W. 2d 294.

We think it obvious that the purported assignment here was not acknowledged in accordance with the statutory requirements. The fact that it was "subscribed and sworn to" was not such compliance with the requirements as would make the purported acknowledgment valid. The filing of the instrument in question with the papers in the case and noting it of record, did not constitute such notice as to bind the appellants here.

For the error indicated, the judgment is reversed, and since the cause appears to have been fully developed, it is dismissed.