## WESTERN SURETY COMPANY *v.* WASHINGTON COUNTY, ARKANSAS ET AL

5-4392                            429 S. W. 2d 99

Opinion delivered June 3, 1968

[Rehearing denied July 15, 1968.]

*Shaw, Jones & Shaw,* for appellant.

*Murphy & Burch, Wade & McAllister, E. J. Ball,* and *James W. Gallman,* for appellees.

CONLEY BYRD, Justice. This appeal by Western Surety Company against appellee Washington County, Arkansas, and numerous intervenors, (unpaid suppliers of materials and labor), arises out of road construction contracts between the county and the state of Arkansas in which the county acted as contractor in order to obtain federal matching funds. The complaint alleges that Western Surety made a performance bond with the state of Arkansas, agreeing to pay all claims for which the county became liable under the road projects involved.

The county, in performance of the contracts, incurred liabilities of $148,319.58 to suppliers of materials and labor, including intervenors herein. Before presentation of the claims the county ran out of funds. After

a check by the State Auditor's office it was determined that the county had a balance of $53,455.39 in its road fund and $17,854.35 in its general fund. Appellant paid or compromised the many claims filed on the projects guaranteed by it, taking in each case an assignment for the amount paid, for a total of $118,821.14. Typical of the many assignments is that of R. A. Young & Sons, Inc., as follows:

"That I, C. H. Young, President, and J. D. Griffin Secretary of R. A. Young & Sons, Inc., for and in consideration of the payment to R. A. Young & Sons, Inc. of the sum of $1,279.85 by Western Surety Company, do hereby transfer, set over and assign to the said Western Surety Company all of its right, title and interest in and to the claim which R. A. Young & Sons, Inc. has against Washington County, Arkansas, said claim against Washington County, Arkansas being more particularly described in a certain Complaint filed in the Washington County Circuit Court, same being Circuit No. 5096, Washington County Circuit Court, and as described in Order as filed on the ..... day of .........., 196..., in case No. ........... styled R. A. Young & Sons, Inc. vs. Western Surety Company, filed in the Circuit Court of Washington County, Arkansas, which Order held that such claim or claims were held to be true, correct and just claims against Washington County, Arkansas. Said claim or claims arise for materials furnished by R. A. Young & Sons, Inc. to the said Washington County, Arkansas during 1964 on Job C-7-48, Federal Aid Project S-1194(1); Job C-72-41 and C-72-50, Federal Aid Projects S-1189 and S-1189(1) and S-1189(2); C-72-47, Federal Aid Project S-1193 and S-1193(a); Job C-72-48, Federal Aid Project S-1194 and S-1194(1); Job C-72-49, Federal Aid Project S-1195(1) and S-1195(2). The payment of these claims by Washington County has been refused by Order of the Washington County Judge in ...................... Payment of this sum of $1,279.85 and assignment by us acting by and through the authority granted as President and Secretary respectively of R. A. Young

& Sons, Inc. does hereby satisfy said claim as to Western Surety Company, it being understood that such payment to the said R. A. Young & Sons, Inc. in no way impairs Western Surety Company's right to pursue reimbursement of said sum paid herein as surety on Washington County surety bond against Washington County, it being the intention of this instrument, i. e., Assignment, to place Western Surety Company in the same position as R. A. Young & Sons, Inc. insofar as R. A. Young & Sons, Inc.'s claim against Washington County is concerned up to and including the sum of $1,279.85; R. A. Young & Sons, Inc. agreeing by payment of said sum by Western Surety Company to allow and grant to Western Surety Company full authority to demand and receive to Western Surety Company's own use upon payment thereof up to $1,279.85, or any part thereof, by Washington County or any other person, firm, or corporation to Western Surety Company, and to give and discharge for the same as if the same had been paid by Washington County to R. A. Young & Sons, Inc.

"R. A. Young & Sons, Inc. does hereby authorize Western Surety Company in its name but at Western Surety Company's own expense and cost to pursue the claim against Washington County, Arkansas for which it, R. A. Young & Sons, Inc., originally filed claim or claims against the said Washington County but for which, by reason of the Order of the Washington County Court, said claim or claims were disallowed requiring payment of said claim or claims by Western Surety Company as surety for Washington County, Arkansas.

"And R. A. Young & Sons, Inc. does hereby agree to acknowledge, pursue and execute all other necessary legal processes on behalf of itself against Washington County for and on behalf of said Western Surety Company against Washington County, Arkansas, up to and including the total amount of $1,279.85. Said enforcement or proceedings on behalf of Western Surety Company to be at Western Surety Company's own expense

or cost with out recourse on R. A. Young & Sons, Inc.''

The allegation with respect to the assignments is as follows:

''That Western Surety Company by virtue of its performance of its surety bond and the payment of the above set forth claims and the taking of Assignments by the laborers, materialmen, and suppliers has become subrogated and substituted for these laborers, material-men, and suppliers.''

After sustaining the demurrer and dismissing appellant's complaint, the trial court directed that that portion of the intervenors' claims not assigned to appellant, totaling $29,498.44, be paid in full from the county road fund. Appellant appeals, contending that its complaint stated a valid cause of action upon the assignments and that the trial court erred in ordering payment of $29,498.44 from the county road fund to the individual claimants without making a pro rata distribution among all claimants, including appellant. The intervenors contend (1) that the demurrer was properly sustained, (2) that Western Surety is estopped to contend that Amendment 10 is inapplicable to its claim, and (3) alternatively that both the general fund and the road fund should be ordered paid out on a pro rata basis.

Our cases specifically recognize the right of assignment of a claim against a county. *McKim* v. *Highway Iron Products Co.,* 181 Ark. 1121, 29 S. W. 2d 682 (1930). The complaint certainly states a cause of action against the county for the pro rata payment of the balance in the county road fund upon the assignment of the claims against the county.

The record shows that, notwithstanding the county's alleged lack of funds, all of the materialmen and suppliers filed claims with the county which were disallowed under Amendment 10[1] in that the claims ex-

[1]Amendment 10 voids all contracts of counties in excess of current revenues.

ceeded revenues for 1964. All claimants promptly filed appeals to the circuit court, where the claims were allowed. The allowance of the claims by the circuit court was in effect a judgment in favor of claimants and against the county road funds to the extent of the 1964 revenues. *Logan County* v. *Anderson,* 202 Ark. 244, 150 S. W. 2d 197 (1941). Consequently, the alleged invalidity of the claims under Amendment 10 was there determined and became final and not subject to a collateral attack. Therefore, we hold that the trial court erred in sustaining the demurrer and in ordering the funds to be paid out to the intervenors without pro rating the same with appellant.

It has been suggested by the intervenors, as an alternative argument, that under Ark. Stat. Ann. § 17-603 (Repl. 1956), the county general fund should be combined with the county road fund for the purpose of paying claims. We question whether the statute authorizes the trial court to go this far, but do not reach the point in this instance because the intervenors took no appeal from the action of the trial court.

Reversed and remanded.