**BROWN & ROOT, INC.**

v.

**HEMPSTEAD COUNTY SAND & GRAVEL, INC., Wilson, Gunter & Walker, Pike County Bank of Murfreesboro, Arkansas, and The United States of America.**

**No. LR–C–82–82.**

United States District Court,
E.D. Arkansas, W.D.

July 10, 1984.

David Powell, Wright, Lindsey & Jennings, Little Rock, Ark., for plaintiff.

Charles M. Walker, Wilson, Gunter & Walker, Hope, Ark., for Wilson, Gunter & Walker.

John S. Selig, Mitchell, Williams, Selig, Jackson & Tucker, Little Rock, Ark., for Pike County Bank.

Lawrence W. Sherlock, Trial Atty., Dept. of Justice, Washington, D.C., and Kenneth F. Stoll, Asst. U.S. Atty., Little Rock, Ark., for I.R.S.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

ROY, District Judge.

The Court enters the following Findings of Fact and Conclusions of Law in this action:

*Findings of Fact*

All facts agreed upon by the Parties as stated in the Stipulation of Facts filed April 4, 1984 are hereby adopted.

*Conclusions of Law*

1. This Court has jurisdiction of the subject matter of and the Parties to this action which was removed from the Circuit Court of Hempstead County, Arkansas pursuant to 28 U.S.C. § 1441 and § 1446.

2. Priority of liens is a question of Federal law. *Aquilino v. U.S.*, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960).

3. 26 U.S.C. § 6323(h)(1) gives a federal tax lien priority over the holder of a security interest only if that holder's interest would not be protected under local law from a subsequently acquired judgment lien arising out of an unsecured obligation. *U.S. v. Trigg*, 465 F.2d 1264 (8th Cir.1972).

4. The assignment of rights in a pending cause of action in Arkansas is controlled by Ark.Stat.Ann. § 29–123. The Pike County Bank's (Bank) failure to have the Assignment acknowledged and recorded as provided in the statute does not, however, affect the priority of the liens in this case. The statute has been interpreted by the Arkansas Supreme Court to protect only the claim of another bona fide purchaser for value who would have presumably relied upon the absence of the recorded assignment in making its credit decision. *McKim v. Highway Iron Products Co.*, 181 Ark. 1121, 29 S.W.2d 682 (1930). The I.R.S. was not a purchaser for value, but was a "nonreliance" creditor which could only acquire the rights of the original debtor, Hempstead Sand and Gravel.

5. The Bank obtained the Assignment in return for a $100,000 loan to Hempstead Sand and Gravel (Hempstead) on October 29, 1980. Subsequently, the I.R.S. filed its tax liens. The Bank's security interest was, therefore, protected against the subsequent judgment lien of the I.R.S.

6. The Uniform Commercial Code as adopted in Arkansas, Ark.Stat.Ann. §§ 85–9–101, *et seq.* does not apply to this case. The Code contains no reference to the assignment of causes of action. As previously noted Ark.Stat.Ann. § 29–123 specifies the manner in which such assignments are to be recorded and the priority that is accorded to them.

General law (the U.C.C.) does not apply where there is another statute governing

the particular subject (§ 29–123), irrespective of the dates of their enactment. *Williams v. Pulaski Co. Elec. Comm.*, 249 Ark. 309, 459 S.W.2d 52 (1970).

7. The Bank's claim is entitled to priority of the interpleaded funds over the claim of the I.R.S.

8. All Findings of Fact adopted herein which are more properly Conclusions of Law are so deemed, and all Conclusions of Law more properly Findings of Fact are deemed to be Findings of Fact.

IT IS ORDERED:

That the Clerk shall disburse the interpleaded funds remaining in the registry of the Court to the Pike County Bank as payment in full to it of its claim against the sum interpleaded by Brown & Root, Inc.